REGAN, Judge.
Plaintiffs, Mr. and Mrs. Pierre G. Uzee, instituted this suit against the defendants, Albert Robinson, the operator of the car that collided with the Uzee vehicle in which Mrs. Uzee was a guest passenger, and New Amsterdam Casualty Company, the liability insurer of the Uzee automobile, which was owned by Louis, also a passenger therein, but operated by his brother Charles Uzee, endeavoring to recover the sum of $10,665.24, representing personal injuries incurred by her and medical and hospital expenses incurred by her husband as the result of a collision in the intersection of East Avenue (Audubon Park) and Magazine Street, in New Orleans, Louisiana, on February 9, 1951, at about 5:15 p. m.
The defendant Robinson answered and generally denied that he was guilty of any negligence, maintaining that it was the *621 negligence of the driver of the Uzee automobile that caused the collision and in the alternative pleaded the contributory negligence of Mrs. Uzee, the guest passenger.
The defendant, New Amsterdam Casualty Company, pleaded the exceptions of no cause or right of action, which were overruled, and then answered and asserted that the sole and proximate cause of the collision was the negligence of the defendant Albert Robinson; in the alternative, defendant insisted that should the driver of the Uzee vehicle be found guilty of any negligence, then his fault is imputable to his mother, the plaintiff Mrs. Uzee, since he was acting as her agent in driving her to her daughter’s home where she was to “baby sit,” which would act as a bar to her recovery.
From a judgment in favor of Louisa Uzee in the sum of $500 and Pierre Uzee, her husband, in the sum of $143.24, and against the defendants in solido, the plaintiff, Louisa Uzee, and the defendant, Albert Robinson, have prosecuted this appeal. The latter appeal was subsequently dismissed for omitting to furnish an appeal bond; he then answered the appeal requesting that the judgment insofar as it affected him be reversed.
The record reveals that on the day of the accident Mr. and Mrs. Albert Robinson, an elderly couple, had been riding in Audubon Park on East Avenue moving from the river toward St. Charles Avenue; Robinson, corroborated by his wife, testified that when he arrived at the intersection of East Avenue and Magazine Street, he stopped in obedience to a traffic sign, looked to his right, and observed a vehicle at a distance of 150 feet moving in the general direction of Broadway; after traffic approaching him from the left and moving toward Jefferson Avenue had cleared the south roadway of Magazine Street, he drove to the neutral ground area; when he saw that the Uzee automobile was then only 15 to 20 feet from him, he immediately applied his brakes; but the front of his car extended about two feet into the north roadway of Magazine; the collision occurred as the Uzee car swerved to the right, causing the left rear thereof to sideswipe the right front section of the Robinson vehicle. The Uzee car ultimately stopped approximately 51 feet from the point of impact.
The operator of the Uzee vehicle related that as he was driving in Magazine Street toward Broadway, a bus on the river side of Magazine Street, moving in the direction of Jefferson Avenue, obstructed his view of the intersection of East Avenue and the south roadway of Magazine Street, wherein the Robinson vehicle was moving; he laboriously insisted that he was not aware of the presence of the Robinson automobile until he had almost cleared the intersection and only became cognizant of the fact that an accident had occurred when he felt the impact of a collision, that is, when the left rear portion of his car was struck by the Robinson vehicle.
The trial judge, as evidenced by his written reasons for judgment, did not wholly accept either Robinson’s or Uzee’s version of the manner in which the accident occurred, but concluded from the physical facts and the plausible portions of their testimony that Uzee and Robinson moved into the intersection at approximately the same time and actually observed each other only a split second before the collision occurred, since their respective visions of the intersection were obstructed by the presence of a bus. He was of the opinion that the concurring negligence of the operators of both vehicles caused the accident.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of *622 the manner in which the accident occurred. The trial judge concluded that both drivers were negligent, and our analysis of the record likewise convinces us that the evidence preponderates to the effect that the concurring negligence of Robinson and Charles Uzee was the proximate cause of the collision, and the judgment is therefore correct. -
In the final analysis, the defendant, New Amsterdam Casualty Company, has posed for our consideration its contention that should the operator of the Uzee vehicle be found guilty of any negligence, then his negligence is imputable to the plaintiff Mrs. Uzee since he was acting as her agent, which agency relationship would act as a bar to her recovery herein.
It is almost too well-settled to need citation in support thereof[1] to reiterate that the negligence of the operator of a motor vehicle is not ordinarily imputed to the guest passenger. In this case the automobile was owned by Louis Uzee, who was a passenger .therein, but operated by his brother Charles. The mother, and plaintiff herein, Mrs. Louisa Uzee, was a guest passenger occupying the rear seat thereof, and it is true that as an accommodation she was being driven to her daughter’s home where she was to “baby sit” when the accident occurred. However, Mrs. Uzee was not the owner of the automobile, and the driver thereof was not operating the vehicle at her request; therefore, the negligence of the operator may not be imputed to her.
Mrs. Uzee prosecuted this appeal because she believed that the trial court had not awarded sufficient damages for the injuries which she incurred as a result of the accident. These consisted of multiple abrasions and contusions of both arms and legs, an unusually large hematoma of the right hip, all of which required seven days’ hospitalization. The trial judge awarded plaintiff $500 for these injuries and awarded her husband $143.24'to reimburse him for medical and hospital expenses. In view of the nature of the foregoing injuries incurred by the plaintiff and considering the period of hospitalization required to heal them, we believe that the award should be increased from the sum of $500 to the sum of $750.
For the reasons assigned the judgment appealed from is amended so as to increase the amount of damages to be recovered by Mrs. Uzee from the sum of $500 to the sum of $750, and as thus amended it is affirmed.
Amended and affirmed.

. Weitkam v. Johnston, La.App.1942, 5 So.2d 582; Wolfe v. Toye Bros. Auto & Taxicab Co., 1931, 18 La.App. 321, 138 So. 453.