REGAN, Judge.
Plaintiff, Arthur F. Felt, Jr., individually and on behalf of his minor son Robert Felt, instituted this suit against the defendants, Earl Price, Vincent Adams, and Raymond A. Hodson, endeavoring to recover the respective sums of $648.25, representing property damages to his automobile and $250 for personal injuries to his minor son Robert, incurred on November 26, 1955, at 11 A. M. as the result of a series of rear-end collisions in which plaintiff and defendants [1] participated in the northbound lane[2] of Highway 61.
Plodson answered and admitted the occurrence of the accident but asserted in defense that his minor son, the operator of his vehicle, was not guilty of any negligence in the premises; that the sole cause of *809 the accident was plaintiffs negligence and the concurrent negligence of the defendants Adams and Price. In the alternative, Hodson pleaded the contributory negligence of plaintiff.
Hodson also individually and on behalf of his minor son reconvened for the sum of $110,000 for personal injuries sustained by his son and for $14,815.84, which represented property damages, medical expenses, loss of earnings by his son and mental suffering experienced by him induced by the injuries incurred by his son.
Defendant Adams answered and denied that he was negligent and asserted that the plaintiff caused the collision by re-entering the northbound lane of traffic and abruptly braking his vehicle therein.
In the alternative Adams pleaded the contributory negligence of the plaintiff.
Defendant Price answered and likewise admitted the occurrence of the accident but denied liability for any damages emanating therefrom; he asserted that the collision with the rear of the Adams car was unavoidable and caused by the sudden stopping of the plaintiff’s, Hodson’s and Adams’ vehicles.
From a judgment in favor of plaintiff for the use and benefit of his minor son Robert and against the defendants Hodson, Price and Adams, in the sum of $250 and dismissing plaintiff’s suit individually and the reconventional demand of Hodson, plaintiff and all defendants have prosecuted this appeal.
The record reflects that the accident occurred in the northbound, lane of U. S. Highway 61, which at the situs of the accident is composed of two lanes. The four vehicles involved were being driven in the direction of Baton Rouge where most of the occupants planned to attend the Tulane-L.S.U. football game.[3] In general a uniform line of traffic was moving at a speed of approximately 55 miles per hour.
Beginning with the vehicles nearest Baton Rouge, the automobiles involved in the collision were driven by Wagner, not a litigant herein, Felt, the plaintiff, and the defendants, Hodson, Adams, and Price. Foret, an unidentified Buick car, and Folse followed in that order.
Shortly before the occurrence of the accident, the plaintiff drove out of the northbound lane of traffic and passed five or six automobiles, including the vehicles occupied by the three defendants at a speed of approximately 65 to 70 miles per hour, which of course violated the statutory speed limit of 60' miles per hour.
An accident had occurred further up the highway, and in response thereto the traffic in the northbound lane was preparing to come to a stop. Simultaneously, plaintiff decelerated to about the speed of the other vehicles and then drove back into the northbound lane of traffic in a space between the Wagner and Hodson cars. Just how much clearance existed in this space or time that was available for plaintiff’s re-entry therein is disputed, which of course is one of the focal points of the case that remains unanswered to our satisfaction, or with that certainty that the law requires. Wagner, so it appears, was able to stop just short of the car in front of him, and plaintiff was also able to stop. Hodson,, a minor, testified that he had almost stopped ; but he was unable to say with certainty whether he would have hit plaintiff; the most that he was able to^ say was that he was struck in the rear by the Adams car before he struck plaintiff’s car; in consequence thereof his vehicle, if it had stopped in time, was propelled into plaintiff’s vehicle by the Adams car. The Adams car was struck by the Price car. Foret, not a litigant herein, collided with the rear of the Price car; and Folse, likewise not a liti *810 gant herein and the last in line, was apparently able to stop safely. The momentum of the Adams and Price vehicles pushed Hodson into plaintiffs car, which in turn was thrown into the rear of the Wagner vehicle.
Each litigant has charged the other with negligence, which of course is predicated upon a dereliction of duty to obey or observe the statutory or the reasonable man rules of the road.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The trial judge in effect expressed the opinion that the concurring negligence of each litigant was the proximate cause of the series of rear-end collisions, and in conformity with this conclusion he dismissed the main and reconventional demands and permitted only the guest passenger, Robert Felt, who was an occupant of plaintiff’s vehicle, to recover.[4]
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony of the litigants and their respective witnesses, about eight in all, or by endeavoring to reconcile or evaluate the accuracy of the litigants’ versions of the manner in which the accident occurred. Suffice it to say we believe that the lower court found the facts correctly.
The trial judge, inter alia, found as a fact that on the day of the accident the northbound lane of Highway 61 was congested with football traffic and that all of the litigants herein were moving at speeds of at least 55 miles per hour, 1 to 2 or possibly 3 car lengths behind each other.[5] Judges have repeatedly stated that no abolute or precise rule may be laid down with respect to how closely one automobile may follow another in the absence of any fixed distance prescribed by statute[6] or other regulation, but the space which must be maintained by the vehicles is to be determined according to the yardstick of reasonable care, taking into consideration all of the surrounding circumstances, especially including such matters as traffic conditions and the speed at which the vehicles are moving behind each other.
Wagner’s abrupt stop may have been insignificant if plaintiff had not been continuously negligent in the course of driving back from the southbound into the northbound traffic lane into a space, the size of which is disputed, that is, between the Wagner and Hodson vehicles, and then following Wagner for several seconds before the accident too closely and at too high a speed; and this is so, despite the fact that plaintiff effected a stop in time to avoid a collision with Wagner; and of course, this accusation of negligence with respect to speed and proximity of the cars likewise applies to all of the vehicles operated by the defendants, and we believe in the final analysis that this negligence was the proximate cause of this series of rear-end collisions. In this connection it is sig *811 nificant to remember that Adams, Price, and Foret were unable to stop, and it appears that this is what actually caused the Adams vehicle to collide with Hodson, who in turn struck plaintiff, which caused or at least assisted, together with his own momentum, in causing plaintiff’s vehicle to be thrown into the rear of the Wagner vehicle.
In view of the congestion of traffic, the relative speed of the vehicles, the desire of Hodson, Adams, Foret, and Folse to remain together on the highway, each litigant, assuming he occupied the legal status of a reasonable man, should have anticipated the potential danger created thereby and governed the control and operation of his vehicle in conformity with the circumstances which prevailed before the accident occurred.
Respective counsel have referred us to an avalanche of decisions emanating from tribunals both great and small, the general colors of which match this one; however none, as usual, is precisely this case. If we could, without suffering intellectual torture, extract general rules from these decisions and apply them without compunction to these particular facts, the case would pose no problem.
Judicially we are tending more and more toward an appreciation of the truth that there are few absolute rules of negligence; there are principally standards and degrees for the reason that none is so gifted with foresight that he or she could anticipate all possible human events and prescribe the proper rule for each. This case affords a classic example thereof. The courts are reserving to themselves a broad latitude for the individualization of each case according to the true civil law concept, which is what we have endeavored to do herein.
Our analysis of the record convinces us that the evidence preponderates in favor of the trial court’s conclusion to the effect that the concurrent negligence of each litigant was the proximate cause of the series of collisions which ensued therefrom and the judgment is therefore correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Defendant Hodson’s vehicle was operated by Ms minor son Raymond A. Hod-son, Jr.

. The highway at the situs of the accident consisted of two lanes; the vehicles were moving in the general direction of Baton Rouge.

. Hodson, Adams, Foret, and Folse had left Raeeland together and agreed to keep their vehicles close to each other in the course of driving to Baton Rouge to attend the Tulane-L.S.U. game.

. No useful purpose would be served by discussing the validity of the judgment in favor of the guest passenger since the negligence of the operator of the car in which he was an occupant could not be imputed to him. See Uzee v. Robinson, La.App.1958, 101 So.2d 620.

. Wagner, not a litigant herein, • for the purpose of factually considering this case was the lead caí-, and he came to what he called an abrupt stop when plaintiff, who occupied the status of the lead car insofar as this litigation is concerned, was two or three car lengths behind him, which resulted in the chain of rear-end collisions.

.LSA-R.S. 32:234: “Following vehicles
“A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.”