REGAN, Judge.
The plaintiff Charles Kottwitz,[1] the owner of a 1950 International Truck, operated by Alfred Constantine, instituted this suit against the defendant, the Highway Insurance Underwriters, insurers of Knox Thomson,[2] the owner of a 1951 White Truck, operated by Owen Taylor, endeavoring to recover the sum of $316.-51[3] for property damage incurred by its vehicle on June 29, 1955, at 6:45 P.M. in the Airline Highway at Central Avenue, when the truck driven by Taylor ran into the rear of the vehicle operated by Constantine.
The defendant answered admitting the • occurrence of the accident, but denied that it resulted from the negligence of its insured’s operator and, in the alternative, pleaded the contributory negligence of the plaintiff. Defendant then reconvened for the sum of $1,598.584 representing the amount which it was required to pay its ’ insured by virtue of a contract of insurance for the property damage incurred as a result of the collision.
From a judgment dismissing both the main and the reconventional demands-plaintiff has appealed. Defendant has answered the appeal requesting that the judg- ■ ment of the lower court be affirmed insofar as it dismissed the main demand, but that it be reversed and judgment rendered as prayed for on the reconventional demand.
The record reveals that plaintiff’s truck was stopped behind four other vehicles in the center lane of the inbound roadway of the Airline Highway where it intersects. Central Avenue awaiting a favorable traffic signal. It was 6 :45 in the evening and there was at this time of the day, a considerable amount of automotive traffic.. When the semaphore traffic light changed to a favorable signal plaintiff’s operator-moved forward into the intersection following the line of cars which preceded him; he had traveled approximately 40' feet when a child suddenly darted across the highway dropping one of its shoes, therein and the operator of the truck, believing that the child would run back into *81 the highway in order to retrieve the shoe, made an emergency stop, at which time the truck operated by Taylor[5] in the same traffic lane and moving in the same direction, toward New Orleans, struck the rear of plaintiff’s vehicle causing the damage which provoked this litigation.
The only witnesses who testified on the trial hereof were Constantine and Taylor, the respective operators of the vehicles involved in the collision.
Plaintiff insists that the lower court erred in dismissing the suit and points to the generally accepted rule of the road in substantiation thereof, which, in substance, provides that the operator of a motor vehicle should not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed thereof, the existing condition of the highway and the congestion of traffic therein.
Defendant likewise maintains that the lower court erred both factually and legally in dismissing the demand in reconvention for the reason (a) that Taylor, the operator of its insured’s truck, failed to observe a child dart across the highway, but even if this incident actually occurred, it was unreasonable for Constantine to believe that the child would re-enter the highway in order to retrieve its shoe, accordingly, no actual emergency existed necessitating the sudden stop and therefore, (b) the facts hereof require the application of an exception to the rationale of the general rule which, in substance, would provide that the following operator should drive at such a speed and maintain such an interval that he can avoid a collision with the leading car under circumstances that could reasonably be anticipated by him; however, the facts herein did not require any anticipation on the part of Taylor of the gross negligence of Constantine in abruptly stopping his truck, without any signal, conduct or apparent circumstance suggesting such action, other than a mere fantasy existing in the mind of Constantine.
It is our opinion that the record amply substantiates the factual conclusion that a child darted across the highway and dropped one of its shoes therein. We are likewise of the opinion that Constantine’s belief that the child would re-enter the highway in order to retrieve its shoe was a sufficiently reasonable assumption to motivate an emergency stop. The law places an infinitely greater value on human rights than on property rights.
Judicially we are tending more and more towards an appreciation of the truth that, in the final analysis, there are few rules; there are principally standards and degrees for the reason that no one is so gifted with foresight that he or she could anticipate all possible human events and prescribe the proper rule for each. The courts are reserving to themselves a broad latitude for the individualization of each case according to the true civil law concept.
Under the circumstances reflected herein no negligence attached to Constantine and the proximate cause of the collision was Taylor’s failure to anticipate the possible development of such an emergency especially in view of the congestion existing in this highway at that hour of the evening. The environmental characteristics of the accident should have dictated to Taylor the necessity for the exercise of an abundance of caution so as to have his vehicle under sufficient control to avoid the collision.
For the reasons assigned the judgment appealed from is reversed insofar as it dismisses the main demand and it is now ordered, adjudged and decreed that there be judgment herein in favor of Charles Kottwitz, conducting his business under the trade name of New Orleans Frosted Foods *82 Company and against the defendant, Highway Insurance Underwriters, in the full sum of $316.51 and for all costs. In all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part.

. Conducting his business under the trade name of New Orleans Frosted Foods Company.

. Conducting his business under the trade name of Crown Distributing Company.

-4. The amount of damages incurred by each vehicle was agreed upon by the respective litigants.

. The truck operated by Taylor, according to liis testimony,, was approximately 30 feet behind the truck operated by Constantine and moving 5 miles per hour when the emergency stop was made.