GLADNEY, Judge.
This is a suit by husband and wife to recover damages occasioned when their pick-up truck driven by Mrs. Mary Ann Tryon ran into the rear of a pick-up truck driven by the defendant, Lucian M. Roy. Made defendants are Lucian M. Roy and his liability insurer, Southern Farm Bureau Casualty Insurance Company. The defendants have appealed from a judgment favorable to plaintiffs, who have answered the appeal seeking an increase of the awards made by the trial court.
From three eye witnesses the testimony disclosed: On March 10, 1958, with weather conditions normal and the roadway dry, at about 8:50 A.M. Mrs. Tryon, unaccompanied, was traveling west on Louisiana Highway 602, several miles east of Tal-lulah, Louisiana, and maintaining a speed of about fifty miles per hour. She was following a pick-up truck being driven in the *328 same direction by Lucian M. Roy, who testified that he was proceeding alone at a speed of about thirty-five miles per hour. Mrs. Tryon stated that just prior to the accident she had for some time been following Roy with a distance between the two vehicles of about one hundred feet, and that Roy was maintaining the same rate of speed as she. While thus proceeding westerly Roy recognized the approaching truck of James Furr, with whom he wished to have a conversation and reduced his speed for the purpose of stopping alongside of Furr’s vehicle, and when the speed of Roy’s truck had been retarded to about five miles per hour, the Tryon truck ran into the rear of Roy’s truck. The accident occurred in the westbound traffic lane. The defendant, Lucian M. Roy, admitted that before and during the time he was reducing the speed of his vehicle he did not give a hand signal nor a blinker signal. Roy testified, however, that while at a point between two hundred fifty to three hundred yards from the scene of the accident, he observed the Tryon truck in his rearview mirror trailing him about three-fourths of a mile away. Later, when Roy’s truck and that of Furr were about two hundred yards apart, he identified the Furr truck and commenced slowing down by taking his foot off of the accelerator without using his brakes. When he was about one hundred yards from the Furr truck after reducing his speed, he was struck from the rear by Mrs. Tryon. His testimony as to these circumstances was corroborated by that of Furr. Following the collision the accident was investigated by Sergeant C. C. May of the State Police Department. No skid marks were observed and the officer’s testimony adds but little, if any, enlightenment upon the issue of negligence.
The defendants filed a special plea of contributory negligence, alleging Mrs. Tryon was at fault in failing to keep a proper lookout, driving at an excessive and illegal rate of speed, in failing to maintain a proper and safe distance behind the preceding vehicle, in failing to stop or reduce her speed to accord with the traffic situation, in failing to apply her brakes, and in failing to sound her horn or otherwise take ordinary precautions to avoid the accident. The defendant Roy also instituted a demand in reconvention, praying for judgment against plaintiffs in the sum of $1,700. In view of the admission of Lucian M. Roy that he failed to give any signals to indicate his stopping on the highway, the principal issue presented may be confined to the plea of contributory negligence.
The duty of the driver of a following motor vehicle is prescribed by statute, LSA-R.S. 32:234, which states:
“§ 234. Following vehicles.
“A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.
“B. The driver of a motor truck, when traveling upon a highway outside of a business or residential district, shall not follow another motor truck within four hundred feet, but this shall not be construed to prevent one motor truck overtaking and passing another. jfc * sjc »
Paragraph numbered “B” was amended in 1950 by substituting “four hundred” for “one hundred” as the minimum distance at which one motor truck should follow another one. The Motor Vehicle and Traffic Regulation statute, LSA-R.S. 32:1 — 380, also regulates the speed of freight carrying vehicles, Section 225, providing in part:
“No person shall operate any freight carrying vehicle upon the highways of this state outside of any town or village not incorporated in excess of forty-five miles per hour, or in excess of twenty-five miles per hour within or through any town or village not incorporated.
“Whoever operates a vehicle in violation of the speed limitations of this *329 section shall be prima facie at fault and responsible for any accident proximately caused by such operation * *
Reverting to testimony of Mrs. Tryon it is obvious that she violated the statutory regulations above quoted, both as to the distance she should have maintained in following the Roy truck and by operating her truck at a speed in excess of forty-five miles per hour.
It is argued, however, by plaintiffs’ counsel that notwithstanding the conduct of Mrs. Tryon aforesaid, her negligence, if any, was not a proximate cause of the accident. Such a contention would have merit if Roy had made such an abrupt and unforeseeable reduction of his speed that no means was available to Mrs. Tryon through which she could avoid a collision with the rear of the Roy truck.
In discussing actionable negligence, this court in Kern v. Bumpas, La.App.1958, 102 So.2d 263, 265, said:
“Our jurisprudence requires of the complainant that he demonstrate that’ the act of negligence charged be the proximate cause of the injury. This condition is met by establishing a causal connection by a natural and unbroken sequence without intervening efficient causes between the negligence and the injury, and if, in the sequence of events between the original negligence and the injury, an entirely independent cause intervenes and is itself sufficient to stand as the cause of the accident, the second cause is the ‘proximate cause’, and the other the ‘remote cause’, of the accident. Picou v. J. B. Luke’s Sons, La.App.1942, 11 So.2d 38, affirmed 1943, 204 La. 881, 16 So.2d 466; Frazier v. Ayres, La.App.1945, 20 So.2d 754; Kendall v. New Orleans Public Service, La.App.1950, 45 So.2d 541.”
Unfortunately for plaintiffs the testimony does not establish by a preponderance of the evidence that Roy made such an abrupt and sudden stop as to constitute “an entirely independent cause” which could be said to stand as the sole cause of the collision. There is, of course, a conflict in the testimony as to whether Roy was traveling at a rate of speed of thirty-five miles per hour, to which he testified, or a speed of fifty miles per hour, to which Mrs. Tryon attested. Roy testified that the slackening of the speed of his vehicle was not sudden hjit was taking place over a distance of three hundred feet and brought about simply by removal of his foot from the accelerator and without application of brakes. The absence of any skid marks supports Roy’s testimony.
The trial court, in resolving its decision in favor of plaintiffs, declared the primary and basic causes of the accident were the slowing down of the Roy and Furr vehicles without any kind of signal and the blocking of the road. The decision, we think, does not fully appraise the acts of Mrs. Tryon which violated the statutory law as to the close distance at which she was following the preceding vehicle and as to her speed. The judge remarked in his reasons for judgment that Mrs. Tryon was certainly traveling at a rather brisk pace and was trailing the Roy vehicle at a distance which could be dangerous, especially as she had no intention of passing. The negligence of Mrs. Tryon in following the forward truck so closely at fifty miles per hour continued until she realized it was necessary for her to take evasive action in order to avoid a collision. She stated that at this time she was only sixty feet from the Roy truck and it was too late for her to avoid the accident. We find her acts of negligence were concurrent with those of Roy. It seems clear to us that had she been observing the statutory provisions instead of actively violating such provisions, she would have been following the Roy truck at a distance of four hundred feet at a speed of not in excess of forty-five miles per hour, and there would have been no accident.
It is unnecessary to consider the defendants’ exception of no cause or right of *330 action. We are of the opinion the exception was properly overruled by the trial court forasmuch as the negligence of Mrs. Tryon disclosed by the pleadings was not determinative of defendants’ liability if plaintiffs could prove such an abrupt slowing down by the preceding vehicle constituted an intervening efficient cause and the sole proximate cause of the collision.
For the reasons so stated, the judgment from which appealed is reversed, annulled and set aside, and plaintiffs’ demands are rejected at their cost.