127 So.2d 202 (1961)
EMMCO INSURANCE COMPANY and Henry Bennett,
v.
James G. ST. LAWRENCE, Sr.
No. 21610.
Court of Appeal of Louisiana, Fourth Circuit.
February 20, 1961.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiffs and appellants.
Burglass & Burglass, Bruce D. Burglass, Metairie, for defendant and appellee.
Before JANVIER, REGAN and YARRUT, JJ.
*203 REGAN, Judge.
Plaintiffs, Henry J. Bennett and his subrogee collision insurer, Emmco Insurance Company, instituted this suit against the defendant, James G. St. Lawrence, endeavoring to recover the sum of $443.86[1], representing property damage which the plaintiff incurred through defendant's negligence in driving into the rear of his vehicle as it ascended an overpass ramp on U. S. Highway 61 in the Parish of Jefferson, Louisiana.
Defendant answered and denied negligence and through the medium of a reconventional demand, asserted his claim against the plaintiffs for the sum of $83.20, representing the damage incurred by his vehicle as a result of the accident; alternatively, he pleaded the contributory negligence of the plaintiff.
From a judgment dismissing plaintiffs' suit and defendant's reconventional demand, predicated on a finding by the trial judge of concurrent negligence, plaintiffs have appealed.
Plaintiff testified that on February 12, 1959 he was driving in a northbound direction on U. S. Highway 61 and stopped his vehicle in obedience to a red traffic light, located at the intersection of this highway and LaBarre Road. When the signal changed to green, he resumed his course and entered the ramp of the overpass. He then noticed defendant's vehicle behind him, apparently attempting to overtake and pass his automobile. Instead of passing, defendant's vehicle was driven into the left rear of his car, causing it to careen into the concrete rail of the ramp. He denied that he had stopped suddenly while ascending the ramp, asserting that he was moving at a speed of between 15 and 20 miles per hour when the accident occurred.
Defendant then related his version of the accident. He stated he had stopped behind the plaintiff's vehicle in obedience to the traffic signal at LaBarre Road. When plaintiff left the intersection, defendant followed him at a distance of between 1½ to 2 car lengths and was moving at a speed of between 16 and 18 miles per hour. Without any apparent reason, the plaintiff abruptly stopped his vehicle; therefore, defendant was forced to swerve to his left and apply his brakes in endeavoring to avoid the accident. Defendant stated the front of his car hit the left rear of plaintiff's automobile; after the impact plaintiff apologized for stopping abruptly and without manifesting any warning whatsoever. Defendant said plaintiff explained the abrupt stop by asserting that his wife, a guest passenger, inadvertently turned off the ignition in reaching for the glove compartment.
It is significant that plaintiff's wife did not appear as a witness herein, especially since he had joined his insurer in the prosecution of this suit; only the operators of the respective vehicles testified.
In any event, the trial judge concluded that the accident was caused through the concurrent negligence of both drivers, in that plaintiff Bennett unjustifiably created a sudden emergency by either slowing or stopping without initially manifesting an appropriate signal and defendant rendered himself incapable of avoiding the accident by following the preceding vehicle too closely.
The law imposes upon a motorist the duty of following a preceding vehicle at a safe distance[2]; therefore, as a general rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to be at fault[3]. One of the *204 exceptions to this general statement of the law is recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid.[4]
Counsel for both litigants agree that the foregoing is a concise statement of this aspect of the law; however, plaintiffs assert that the trial judge erred in concluding that the plaintiff driver negligently created an emergency when he "either slowed or stopped his vehicle in front of defendant without signal or warning * * *." Plaintiffs concede that the trial court could invoke the "emergency" exception to the general rule to find contributory negligence on the part of plaintiff, but only on a positive finding by the judge that plaintiff had in fact stopped; to find that he "either slowed or stopped" militates against the application of the exception.
Defendant conversely asserts that the finding of fact by the lower court warrants the conclusion that plaintiff was guilty of contributory negligence. The defendant has not answered the appeal; therefore, he has abandoned his reconventional demand; thus the only question actually posed for our consideration is whether plaintiff's actions contributed to the occurrence of the accident.
A review of the jurisprudence convinces us that plaintiffs' contention is without merit, for it is unimportant whether the lead motorist slowed or actually stopped without signaling, if the maneuver itself created an emergency to the following vehicle. In Leon v. Neal,[5] the court observed:
"* * * Whether or not he had entirely stopped or simply had slowed the car down, * * * it was negligence on his part to do this without giving any warning of his intention. * * *"
It is true that the majority of the cases, wherein the lead motorist was found at fault for creating an emergency, encompasses facts wherein that vehicle stopped abruptly without initially manifesting the proper signal; however, this per se does not support the proposition plaintiffs have advocated, which is that the exception only applies where the lead vehicle creates the emergency by an abrupt stop.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Plaintiff insurer's claim totals $393.86, the amount it paid its insured, Bennett, in conformity with the provisions of a policy of collision insurance. The balance of $50 is claimed by Bennett, which represents the amount of his damages for which he was not reimbursed because of a $50 deductible provision.
[2] LSA-R.S. 32:234(A).
[3] Benenate v. Brooks, La.App., 95 So.2d 757; Kottwitz v. Highway Insurance Underwriters, La.App., 92 So.2d 79.
[4] Billiot v. Noble Drilling Corporation, La.App.1958, 102 So.2d 569.
[5] La.App.1948, 34 So.2d 276, 277.