GLADNEY, Judge.
This is a suit for damages for personal injuries, instituted by Margaret Slack, original plaintiff, against James Rollinson and his insurer, Traders & General Insurance Company, as the result of an automobile collision. Plaintiff died before judgment was rendered and her three minor heirs, represented by Mrs. Shirley Stinson Brown, tutrix, were substituted parties plaintiff. After trial on the merits, the judge a quo rendered judgment against defendant insurer. James Rollinson, the assured and driver of the allegedly offending automobile, was adjudicated and discharged as a bankrupt, and released from plaintiff’s demands. Defendant insurer has appealed.
The accident occurred at about 1:45 o’clock P.M. on May 30, 1959, on U. S. Highway No. 167, a short distance south of the Town of Jonesboro. The highway at this point is blacktop with two lanes and lies in a general north and south direction. The surface of the road was dry and the weather clear.
Mrs. Slack was driving her 1950 Ford north on the highway and was followed by Rollinson, who was driving his 1959 Chevrolet in the same direction. Both vehicles were traveling at a very moderate rate of speed, Mrs. Slack about thirty miles per hour, and Rollinson about thirty-five miles per hour. Rollinson was gradually overtaking the Slack automobile and at a distance of about forty feet, decided to páss. He testified he pulled to the left, but did not actually cross the center line of the highway, looked in his rearview mirror and saw another car approaching and preparing to pass him, so he turned back into his lane. At this time a grocery sack which was on the seat beside Mrs. Slack began to fall. She applied her brakes, leaned over to grab the bag, and was struck from the rear by the Rollinson vehicle. Mrs. Slack testified she was unaware that anyone was behind her, and that she gave no signal of her intent to decelerate or stop. She further stated she did not intend to, and did not think she actually came to a complete stop. Rollinson stated that when he looked back to the road after glancing to his rear, the car in front had suddenly stopped, or almost stopped, and that although he applied his brakes, it was too late to avoid the collision. The only other witness was a State Police officer who investigated the accident and he testified that there were no noticeable skid marks, and that from the evidence found at the scene, he estimated the Slack car was bumped forward only about four feet from the point of impact.
From these facts plaintiff argues that Rollinson, the driver of the following car, was negligent in that he failed to control his car in such a manner as to provide for the contingency of the front vehicle slow *106 ing down or stopping;, and that this negligence amounted to the sole proximate cause of the accident. Appellant contends that Mrs. Slack, who brought her automobile to a sudden stop in the main traveled portion of the highway without warning or signal, was herself guilty of negligence which was the sole proximate cause of the accident, or, in the alternative, that her acts amount to contributory negligence and thus bar recovery, which defense is specially pleaded.
The lower court gave no written reasons for its decision, but held for plaintiff, and awarded $5,370.35 in damages.
Counsel for Mrs. Slack cite three cases to support their contentions: Pinchera et al. v. Employers Casualty Company et al., La. App. 2d Cir., 1954, 73 So.2d 623; Reeves v. Caillouet et al., La.App. 1st Cir., 1950, 46 So. 2d 373; and Henican v. Woodman & Baldwin, Orleans 1924, 1 La.App. 281. Of the three, the Reeves v. Caillouet case is inappropriate to plaintiff’s position. The other two cases cite the well recognized rule as to the duty of care imposed upon a following motorist, i. e. a following vehicle must maintain such speed and distance from the lead automobile as to be able to meet the usual and ordinary movements of an automobile using the highways.
Even assuming, however, that defendant Rollinson was guilty of some degree of negligence for following closer than was reasonable and prudent under the circumstances, LSA-R.S. 32:234, subd. A, we find Mrs. Slack was guilty of a grossly negligent act in stopping on a highway without first giving visible signal of her intent to do so. LSA-R.S. 32:236, subd. A. The plea of contributory negligence, therefore, must be sustained.
Our decision is governed by a recently decided case, Nomey v. Great American Indemnity Company, La.App. 2d Cir., 1960, 121 So.2d 763, wherein the decision was based on a factual situation similar to that presented herein. In this case Mrs. Nomey was a passenger in an automobile traveling east on Highway No. 80. Several miles outside of Minden an automobile driven by a Mrs. Beck entered the highway and turned east some 100 yards in front of the No-mey car. The Nomey car was following two or three car lengths behind, both vehicles traveling approximately forty to forty-five miles per hour, when suddenly and without warning or signal, Mrs. Beck brought her car to a stop in the right lane of the highway, and the collision occurred. This court stated:
“Upon the basis of the above facts we think there is no question as to the gross neglignce of Mrs. Beck in bringing her car to a sudden stop in the main traveled portion of a highway without warning, without signal and without regard to the rights of following vehicles. Unquestionably this action was the proximate cause of the collision.
# jfc ‡ j}c ij*
“Mrs. Beck was not confronted with any emergency which required an abrupt stop, and the driver of the following car was entitled to rely upon the assumption that the driver of the car ahead would operate the vehicle in a prudent, cautious and lawful manner.
“We think our jurisprudence has firmly established the rule that failure to maintain a specified distance between automobiles does not of itself constitute negligence; that a driver is entitled to rely upon the assumption that the car ahead is being driven with care and caution in accordance with the law of the road and that the driver thereof will not commit acts of negligence which will endanger the following traffic.” Id., 121 So.2d 764, 765.
See also: Leon v. Neal et al., La.App. 2d Cir., 1948, 34 So.2d 276; Smith v. Smith, La.App. 2d Cir., 1948, 36 So.2d 388, and Emmco Insurance Company v. St. Lawrence, La.App. 4th Cir., 1961, 127 So.2d 202, wherein we find a succinct summary of the law applicable to the facts of the instant case. The court there stated:
*107 “The law imposes upon a motorist the duty of following a preceding vehicle at a safe distance; therefore, as a general rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to he at fault. One of the exceptions to this general statement of the law is recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. * * *
******
“ * * * it is unimportant whether the lead motorist slowed or actually stopped without signaling, if the maneuver itself created an emergency to the following vehicle.” Id., 127 So.2d 203, 204.
Having resolved that Mrs. Slack was guilty of contributory negligence, it follows that plaintiff’s demands must be denied. Accordingly, it is ordered that the judgment from which appealed be, and the same is reversed, annulled and set aside, and plaintiff’s demands rejected at her costs.