TATE, Judge
(dissenting from refusal to grant a rehearing).
The application for rehearing of the plaintiff and of the intervenor calls to our attention that both defendants, Whitehead and Morgan, eventually admitted on cross-examination that Morgan’s truck made a sudden, unsignalled stop when just 90-120 feet in front of Whitehead’s. Although on direct examination these witnesses attempted to explain the accident otherwise, I think their admissions against interest on cross-examination, corroborated by the other evidence, clearly supports by a preponderance of the evidence the trial court’s finding that Morgan’s truck suddenly stopped without signal, so that Whitehead’s truck to its immediate rear crashed into it. (This sudden stop was occasioned, as Morgan himself eventually admitted, because, engaged in a conversation with his passenger, he had not earlier noticed the highway repair project and the flagman signalling traffic to stop.)
Even if Whitehead was also negligent in not maintaining more distance between his truck and Morgan’s, Morgan’s sudden un-signalled stop was a contributory proximate cause of the accident. Felt v. Price, 240 La. 966, 126 So.2d 330; Brown v. Rollinson, La.App. 2 Cir., 134 So.2d 104; Tryon v. Roy, La.App. 2 Cir., 116 So.2d 327, certiorari denied. The sudden unsignalled stop in violation of a highway safety ordinance was a substantial cause-in-fact and is considered a proximate cause of the accident, even though the negligence of the following driver may have contributed to the accident. Dixie Drive It Yourself System v. American Beverage Co., La., 137 So. 2d 298 (No. 45, 687; decided January 15, 1962).
Further, the courts do not allow the rather common exculpatory excuse advanced by drivers that an unanticipated brake failure was the cause of an accident rather than their own negligence, when such excuse is supported only by the uncorroborated testimony of the driver, and in the absence of proof so strong as to exclude any other reasonable hypothesis of the cause of the accident. Trascher v. Eagle Indemnity Co., La.App.Orl., 48 So.2d 695; Hassell v. Colletti, La.App.Orl., 12 So.2d 31.
Before concluding, it should be stated that our conclusion would not be different if we reached another defense of Morgan and his insurer, which there was no need for the majority to consider in view of its finding that Morgan’s sudden stop was not ‘a proximate cause of the accident.
For Morgan also contends that, even if he was negligent, he is not liable to the plaintiff in tort but only in workmen’s compensation (which is not sought by this suit), *735 since allegedly Morgan was a partner of the plaintiff’s employer, Prather. The latter was the owner of the truck in which the plaintiff was riding. Without agreeing that this necessarily would be so, it seems to me that the rather nebulous agreement between Prather and Morgan was not a partnership or joint venture; it was rather an agreement whereby, in return for one-half of the net profits, Morgan served as Prather’s supervising agent or employee in the transaction.
It is not a partnership or joint venture for several reasons. First, at the time the agreement was confected, the parties specifically agreed that only Prather would be liable for plaintiff’s wages and for workmen’s compensation benefits due to the plaintiff if he was injured, and thus that only Prather (and not some uncontemplated partnership or joint venture) was to be the employer of the plaintiff. Second, the agreement contemplated that, if there were losses, only Prather was to be liable for them and not Morgan (see e. g., Tr. 169) thus negating the requisite intention that the business relationship between the parties was to have the characteristics of a partnership and indicating instead that what was intended was in the nature of an agency or employment relationship. See Walker v. Delahoussaye, La.App. 1 Cir., 116 So.2d 884, and the cases therein cited concerning profit-sharing arrangements. (Since Morgan by endorsement was substituted as the named insured in the American Fidelity insurance policy, Tr. 70, it is unnecessary to determine whether Morgan was an agent rather than an employee, since the co-employee exclusion clause applies only to the omnibus insured and not to the named insured, Tr. 68.)
For these reasons, I respectfully dissent from the refusal by my esteemed brothers of the majority to grant a rehearing herein.