144 So.2d 608 (1962)
Florence Zimmerman CASSREINO, Wife of/and John Cassreino
v.
Miriam V. BROWN and Indiana Lumbermens Mutual Ins. Co.
No. 720.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
*609 Byrnes & Wallace, Bentley G. Byrnes, New Orleans, for plaintiffs-appellants.
Adams & Reese, Richard C. Baldwin, New Orleans, for defendants-appellees.
Before TATE, THOMPSON, and BAILES, JJ.
ALBERT TATE, Jr., Judge.
A Pontiac automobile driven by John Cassreino was struck by a following Chevrolet driven by Mrs. Miriam Brown. Cassreino and his wife, who was a passenger in his car, sue Mrs. Brown for the damages thereby sustained. After a jury trial, Mrs. Cassreino was awarded $1200 for her personal injuries resulting from a whiplash injury sustained in the collision, but the plaintiff Cassreino's claim was dismissed insofar as he sought recovery for the medical expenses occasioned by his wife's injury and for the damage to his vehicle. The jury thus held that the negligence of both drivers contributed to the accident, but nevertheless awarded judgment to Mrs. Cassreino as a guest passenger free of negligence.
The plaintiffs have appealed, praying for an increase in the award to Mrs. Cassreino and also that the plaintiff Cassreino be awarded judgment for property damage and medical expenses resulting from the accident.
*610 The accident occurred just after dark on December 7, 1958. Both the Cassreino and the Brown vehicles were proceeding towards New Orleans on the Lake Ponchartrain Causeway. Cassreino saw the revolving red light of a police vehicle investigating an accident 2-3 blocks to his front. As he slowed or stopped (the evidence is conflicting), the rear of his car was struck by Mrs. Brown's vehicle, which had been following him at a variously-estimated interval.
The plaintiffs-appellants contend that the sole proximate cause of the accident was Mrs. Brown's negligence in following the preceding vehicle too closely and/or in failing to keep adequate lookout so as to maintain control of her automobile and to avoid a collision upon the slowing of the forward car. Felt v. Price, La.App. 4 Cir., 109 So.2d 807, affirmed in this respect, 240 La. 966, 126 So.2d 330; Foreman v. American Automobile Ins. Co., La.App. 3 Cir., 137 So.2d 728. The defendants-appellees contend, on the other hand, that the plaintiff Cassreino, the driver of the forward vehicle, was at least contributorily negligent in that he suddenly stopped or slowed without adequate observation of or regard for the vehicles to his immediate rear. Brown v. Rollinson, La.App. 2 Cir., 134 So.2d 104; Emmco Insurance Co. v. St. Lawrence, La.App. 4 Cir., 127 So.2d 202; Tryon v. Roy, La.App. 2 Cir., 116 So.2d 327.
After reviewing the conflicting evidence supporting the opposing contentions, we find no manifest error in the jury's determination that the negligence of both drivers in the respects indicated contributed to the accident. We therefore affirm the dismissal of the plaintiff Cassreino's suit for special damages and further affirm the determination that Mrs. Cassreino, as a guest passenger free of negligence, is entitled to recover damages for her personal injuries.
We next reach the review of the award of $1200 to Mrs. Cassreino for her personal injuries, which award the plaintiffs-appellants contend is insufficient.
An award of damage for personal injuries is of necessity somewhat arbitrary and must vary greatly with the facts and circumstances of each case; therefore, the trial court's large discretion in making such an award should not ordinarily be disturbed on appellate review. LSA-Civil Code Art. 1934(3); McFarland v. Illinois Central Railway Co., 241 La. 15, 16, 127 So.2d 183. On the other hand, even though each case must be determined upon its own facts, awards should be made with some degree of uniformity in instances involving comparable cases, to the end that awards will not be all out of proportion with one another. Broussard v. Lormand, La.App. 3 Cir., 138 So.2d 677; Doyle v. McMahon, La.App. 4 Cir., 136 So.2d 89.
The principal injury sustained by Mrs. Cassreino as a result of the accident, when the car in which she was riding was struck from the rear with some force, was a moderately severe sprain of the cervical spine produced by a "whiplash" injury. She was initially treated over six weeks by her family physician for her complaints of severe pain in the neck and also of pain in the lower part of the back; he released her with the prognosis of about six weeks' further disability resulting from a stiffness and limitation of motion in the neck. However, due to continued complaints of residual neck discomfort and limitation of motion, she was treated by an orthopedist from March to June of 1959 and put under a course of supervised therapy involving intermittent cervical traction. She was released with the instruction to apply home heat treatments and to use home exercises to relieve the still-residual bothersome (rather than painful) stiffness and limitation of motion of the neck. Two years after the accident, there was still a minimal residual stiffness and limitation of motion in the neck (verified also by an examination a year and a half after the accident by a specialist on *611 behalf of the defendants), which was no longer apparent at the trial, two and a half years after the accident.
We are thus here dealing with a whiplash sprain injury involving moderately severe pain initially, requiring treatment over a period of six months, and with residual effects (although mild in nature) lasting about two years. No hospitalization was required, nor was the injured claimant required to wear a head halter.
Without pretending to make a detailed analysis of the innumerable whiplash injury cases, we think that whiplash awards fall into approximately three main groups:
(1) Awards in excess of $5000 are common for those producing permanent disability or severe pain of prolonged duration. See, e. g.: Self v. Johnson, La.App. 3 Cir., 124 So.2d 324 ($9,237.50); Dillon v. Pope, La.App. 1 Cir., 110 So.2d 229 ($5,000); Bartholomaus v. H. G. Hill Stores, Inc., La.App. 4 Cir., 97 So.2d 82 ($6000); Baker v. U. S. Fire Ins. Co., La. App. 1 Cir., 89 So.2d 405 ($5,600).
(2) Awards in the area of $2500-$3500 are common for those producing severe initial pain and with however only a short period of residual discomfort, or for those producing less severe pain but a relatively long period (e. g., a year or two) of residual discomfort or disability. See, e. g.: Ford v. State Farm Mut. Auto. Ins. Co., La.App. 2 Cir., 139 So.2d 798 ($3,000); Hilton v. Bankers Fire and Marine Ins. Co., La.App. 3 Cir., 134 So.2d 82 ($3,000); Landry v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 474 ($3500); Frass v. Marquette Cas. Co., La.App. 4 Cir., 125 So.2d 174 ($2,500); Downs v. Hartford Accident and Ins. Indemnity Co., La. App. 2 Cir., 116 So.2d 712 ($3,000).
(3) Awards in lower amounts for whiplash injuries producing moderate or slight pain, which are cured without residual in a matter of weeks. Doyle v. McMahon, La.App. 4 Cir., 136 So.2d 89 ($2,000); Townsend v. Maniscalco, La.App. 2 Cir., 128 So.2d 906 ($1,500); Elder v. Travelers Ins. Co., La.App. 1 Cir., 125 So.2d 694 ($750); Degeyter v. Trahan, La.App. 1 Cir., 113 So.2d 808 ($1,150, involving minor or moderate pain and complete recovery within two months).
Considering all of these awards and the circumstances therein, as compared with the circumstances reflected by the present case, we think that the amount awarded to Mrs. Cassreino by the jury for her personal injury was manifestly insufficient, and that she is entitled instead to an award of the sum of three thousand dollars.
Insofar as the defendants-appellees argue that the prolonged duration of the patient's complaints of neck pain resulted from a pre-existing nervous tension rather than solely from the accident, nevertheless the tortfeasor is held to be responsible to the injured person for the pain and suffering occasioned by the tort, even though a pre-existing physical or mental condition causes the pain and suffering or medical effects of the injury to be more severe than such as would ordinarily be anticipated. Behan v. J. B. Honor Co., 143 La. 348, 78 So. 589, L.R.A.1918F, 862; Humphries v. Delta Fire and Cas. Co., La.App. 1 Cir., 116 So.2d 130; Maroun v. New Orleans Public Service, Inc., La.App. 4 Cir., 83 So.2d 397; Payton v. Great American Ind. Co., La.App. 2 Cir., 83 So.2d 575.
Accordingly, the judgment is amended so as to award Mrs. Florence Zimmerman Cassreino three thousand dollars ($3,000) for her personal injuries, together with legal interest thereupon from date of judicial demand until paid. As thus amended, the trial court judgment is affirmed in all other respects. The costs of this appeal are to be paid one-half by the defendants-appellees and one-half by John Cassreino, the plaintiff-appellant.
Amended and affirmed.