192 So.2d 635 (1966)
Elver N. VANDER, Individually, for the community and on behalf of his minor son, Billie Joe Vander, and Cala Mae Vander, Individually, Plaintiffs and Appellants-Appellees,
v.
NEW YORK FIRE AND MARINE UNDERWRITERS, INC., Defendant and Appellee-Appellant.
No. 1852.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
*636 Robert Morgan, of Nathan A. Cormie & Associate, Lake Charles, for plaintiff-appellant-appellee.
T. C. McLure, Jr., Alexandria, for defendant appellee-appellant.
Before FRUGÉ, TATE and HOOD, JJ.
HOOD, Judge.
This is an action for damages instituted by Elver N. Vander and his wife, Mrs. Cala Mae Vander, the former suing individually and in behalf of his minor son, Billy Joe Vander. Plaintiffs claim damages for injuries allegedly sustained by them and by their son as a result of a collision between an automobile being driven by Vander and an automobile being driven by Hayward Fisher. The suit was instituted against New York Fire and Marine Underwriters, Inc., the liability insurer of the Fisher car. The defendant answered and filed a third party demand against Mr. Vander, demanding that judgment be rendered in its favor and against Vander for one-half of any amounts which defendant may be condemned to pay to the other plaintiffs.
After trial, judgment was rendered by the trial court in favor of Mr. Vander, insofar as he appeared in behalf of his minor child, and in favor of Mrs. Vander. The demands of Mr. Vander, individually, were rejected. Judgment further was rendered in favor of the third party plaintiff, New York Fire Underwriters, and against Mr. Vander for one-half of the amounts which New York Fire Underwriters had been condemned to pay the other plaintiffs. All parties to this suit have appealed.
The accident occurred about 12:50 p. m. on May 16, 1964, at a point on Louisiana Highway No. 1, about four miles east of Boyce, Louisiana. The highway at that point is hard-surfaced and it is straight. The weather was clear and visibility was good at the time of the accident. Shortly before the collision occurred, Mr. Vander was driving his automobile in an easterly direction on that highway at a speed of about 55 miles per hour, that being within the speed limit of 60 miles per hour which was in effect in that area. As he approached the place where the accident occurred, he saw three children standing on the south shoulder of the road, and they appeared to him to be waiting for him to pass before *637 they attempted to cross the road. Vander did not reduce the speed of his car after first seeing these children, but when he reached a point about 210 feet from them, the oldest and largest girl suddenly darted across the road in front of him, and then she stopped in his lane of traffic. He immediately applied his brakes to avoid running into the child, and shortly after doing so he was struck in the rear by an automobile being driven by Hayward Fisher. The Fisher car was immediately behind the Vander vehicle, and both had been traveling in the same direction. The force of the collision caused the Vander car to travel east of and beyond the point where the girl had started across the highway, but the girl moved in time to avoid being struck or injured. Mrs. Vander and her minor son, Billie Joe Vander, were injured as a result of this accident.
Fisher, the driver of the rear car, had been following the Vander automobile for a distance of approximately three miles immediately before the accident occurred. Fisher testified that he drove at a speed of about 40 miles per hour during that three mile distance, and that during that entire time he remained "about two car spaces" behind the Vander vehicle. He stated that he did not see a child dart into the road, that Vander stopped suddenly and that when he saw that the latter had stopped he was unable to avoid a collision. He testified that he did not see the stop lights of the Vander car light up before the collision occurred. Fisher's wife, who was seated on the front seat of the car with her husband, stated that she saw all three children standing on the shoulder of the highway before the accident occurred, but she did not see one of them dart into the highway in front of the Vander car.
Mr. Vander's wife and child and Mrs. Della Jenkins were riding in his automobile with him. Mr. Vander testified that he did not know that the Fisher car was behind him as he approached the children, or when he applied his brakes to avoid striking the child who darted into the road ahead of him. He stated that he saw no reason to reduce his speed of 55 miles per hour before the child started to run across the highway, because it appeared that all of the children saw him and were waiting for him to pass. He further testified that he could have stopped his car completely after one of the children ran into the highway and before he reached any of them if he had not been struck from the rear by another vehicle. Vander's testimony is supported by that of his wife and that of Mrs. Jenkins, the other passenger in his car.
The trial judge concluded that Fisher was negligent in following the Vander car too closely and in failing to maintain a proper lookout, and that his negligence was a proximate cause of the accident. He further concluded that Vander was negligent in failing to reduce the speed of his automobile as he approached the children and before one of them darted into the highway, and that his negligence in that respect also was a proximate and contributing cause of the accident. Damages were awarded to Mrs. Vander and to the child, but the demands of Mr. Vander, individually, were rejected on the ground that he is barred from recovery by his own contributory negligence. The trial court judgment also condemned Vander, as third party defendant, to reimburse the defendant insurance company for one-half the amounts which it was required to pay as damages.
Defendant contends that the trial judge erred in concluding that Fisher, the driver of the following car, was negligent. It takes the position that the sole cause of the accident was either the negligence of the child in darting into the highway or the negligence of Vander in failing to reduce the speed of his car before one of the children darted into his path.
The law imposes a duty on the following motorist to keep his vehicle under control, to observe the forward vehicle and to follow at a safe distance. As a general *638 rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to be at fault. An exception to this general rule of law has been recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. Self v. State Farm, 183 So.2d 68 (La.App. 3d Cir. 1966); Emmco Insurance Company v. St. Lawrence, 127 So.2d 202 (La.App. 4th Cir. 1961); Crow v. Alesi, 55 So.2d 16 (La. App. 1st Cir. 1951).
In the instant suit Fisher concedes that he was following the Vander automobile at a distance of only two car lengths while they were traveling at a speed which he estimated at 40 miles per hour. The Vander car was relatively new and it was equipped with stop lights which were working at that time. The brakes of the Vander car were applied more than 200 feet before the car came to a stop, and yet Fisher states that he did not see the stop lights go on at any time and he did not notice that the lead car was stopping until a collision was inevitable. His only explanation of why the accident occurred is that Vander stopped all of a sudden and he was unable to avoid running into him.
For reasons which will be assigned later, we have concluded that Vander was not negligent in creating a hazard which the following vehicle could not reasonably avoid, and thus Fisher is not excepted from the above stated general rule of law. We concur in the conclusion reached by the trial judge that Fisher was negligent in following too closely and in failing to maintain a proper lookout, and that his negligence was a proximate cause of the accident.
The next question presented is whether Vander was negligent in failing to reduce the speed of his car before one of the children darted into the road ahead of him.
The law is settled that a motorist who sees or should see children near the roadside must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. When a motorist sees or should see a child near the roadside, therefore, he must bring his vehicle under such control that he can avoid injuring the child, notwithstanding its youthful indiscretion. Layfield v. Bourgeois, 142 So.2d 799 (La.App. 3d Cir. 1962); Miller v. State Farm Mutual Automobile Insurance Company, 169 So.2d 743 (La. App. 3d Cir. 1964).
The driver of the lead vehicle owes no duty to the following driver, except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of the presence of such rear car by signal or otherwise, he has the right to assume that there is no other vehicle in close proximity in his rear or, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner. Greer v. Ware, 187 So. 842 (La.App. 2d Cir. 1939); Billiot v. Noble Drilling Corporation, 236 La. 793, 109 So.2d 96 (1959); Foster v. Phoenix Insurance Company, 146 So.2d 647 (La.App. 1st Cir. 1962).
Vander testified that the oldest child was facing the highway and looked in his direction as he approached, that the children appeared to be waiting for him to pass, that he applied his brakes immediately after the oldest child darted suddenly into the road and that he skidded 70 yards before he stopped. He stated that he was struck by the Fisher automobile while he was skidding, and that if he had not been struck in the rear he could have stopped "in plenty of time" before he reached the point where the child had started to cross the highway. The child who darted into the road was 13 years old and was in the eighth grade at that time.
As we have already pointed out, Mr. Vander's testimony is corroborated by that of his wife and of Mrs. Jenkins, another passenger in his car. His statement is uncontradicted *639 to the effect that he could have brought his car to a stop before he reached the children if he had not been struck by the Fisher vehicle, and we conclude that he could have done so. The facts show, of course, that he did not strike or injure any of the children.
In view of the fact that one of the three children appeared to be, and was, old enough to exercise reasonable care and discretion in crossing the highway, that the children appeared to be waiting for the Vander car to pass before attempting to cross, and that Vander actually was maintaining sufficient control over his car that he could have stopped before he reached the child who entered his lane of traffic, we conclude that he was not negligent in failing to apply his brakes or to reduce his speed before the emergency was created. We also find that when the child did enter his lane of traffic it was necessary for Vander to make a sudden stop to avoid striking the child, and that he had the right to assume that he was not being followed too closely by another automobile.
Under the facts presented here, we are convinced that the trial court erred in finding that Vander was negligent. See Zeno v. Breaux, 164 So.2d 666 (La.App. 3d Cir. 1964); Poleman v. Employers Liability Assurance Corp., 164 So.2d 630 (La. App. 3d Cir. 1964); Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3d Cir. 1962); and Kottwitz v. Highway Insurance Underwriters, 92 So.2d 79 (La.App.Orl. Cir. 1957). Our conclusion is that Vander was not negligent, that he is entitled to recover damages from defendant, and that defendant, New York Fire Underwriters, is not entitled to recover from Vander one-half the amount which it was condemned to pay to the other plaintiffs.
Plaintiffs contend that the awards made to Mrs. Vander and to her minor son as general damages are inadequate and should be increased.
The evidence shows that the injury sustained by Billie Joe Vander consisted of a contusion of and small abrasion on the left knee. He saw his family physician only one time, about two days after the accident occurred, and the doctor simply recommended that hot packs be used on the knee. The trial judge noted that there was a slight scarry depression of the size and shape of the end of a lead pencil eraser on the boy's knee. Although Billie Joe stated that the knee bothers him occasionally now, his father acknowledged that the boy never had any further trouble with his leg after the visit to the doctor. The trial judge awarded $100.00 as damages for this injury. We think that award is within the discretion which is vested in the trial court, and thus we will not disturb it.
The injury sustained by Mrs. Vander consisted of a cervical sprain. X-rays showed, however, that prior to the accident she had a degenerating fifth cervical disk with some narrowing of the disk and arthritic changes, which condition prolonged her period of recovery to some extent. She was examined by her family physician on May 18, 1964, two days after the accident occurred, and was treated by him for about ten months thereafter, the treatment consisting principally of diathermy treatment and the administering of some drugs. She was never hospitalized, she was not placed in traction and it was not necessary for her to wear a neck brace or support of any kind. Her treating physician testified, "I never did feel like she was seriously injured. I know that they're a painful type injury and an injury that often times gives them trouble for a long period of time," and, "I never felt like she (had) any evidence of any nerve recompression." The trial judge concluded, "Due principally to the rather unimpressive nature of the testimony concerning Mrs. Vander's pain and suffering and the length of the recovery period it is felt that an award of $1000.00 to her will be ample."
*640 We agree with the trial judge that an award of $1000.00 for the injuries sustained by Mrs. Vander is ample, and that she is not entitled to an increase of that award.
Mr. Vander concedes that he sustained no injuries as a result of the accident. The evidence shows, however, that he has incurred a doctor bill of $298.00 and a hospital bill of $70.00 for the treatment of the injuries sustained by his wife and son. Also, the damage to his automobile amounted to $260.37. We conclude that he is entitled to recover from defendant the aggregate of these bills, amounting to the sum of $628.37.
For the reasons herein assigned, the judgment appealed from is reversed insofor as it: (1) Decrees that the demands of Elver N. Vander, individually and for the community, are rejected; and (2) decrees that judgment be rendered in favor of New York Fire and Marine Underwriters, Inc., and against Elver N. Vander for one-half of the amount of the judgment in favor of the other plaintiffs. The judgment appealed from is hereby amended to decree that judgment be rendered in favor of Elver N. Vander, individually and for the community, and against defendant, New York Fire and Marine Underwriters, Inc., in the full sum of $628.37, with legal interest from date of judicial demand until paid. In all other respects, and except as herein specifically amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant, New York Fire and Marine Underwriters, Inc.
Affirmed in part and reversed in part.
TATE, J., also assigns concurring reasons.
TATE, Judge (concurring).
The writer concurs in the result reached, but he deems it advisable to add a few qualifying comments.
With regard to any negligence of Vander, the driver of the lead car:
This is a suit against the insurer of Fisher, the driver of a following car which collided with Vander when he made an emergency stop because a child crossed the highway some 200 feet in front of him. Fisher's insurer urges that Vander was contributorily negligent in not slowing sooner when he first saw the children ahead, contending that this negligence not only bars Vander's recovery from the defendant but also entitles the defendant to contribution from Vander for the personal injuries sustained by Vander's passengers.
Our majority opinion correctly concludes that Vander's conduct in not slowing was not negligent and did not constitute a breach of his duty owed (a) to his passengers and (b) to the following car. This is of course the sole holding of the case, with which the writer concurs for the reasons stated by the majority opinion.
It does seem advisable, however, to point out the fallacy in the defendant's argument that conduct on Vander's part, which may have been negligent toward the children, was thus necessarily negligent as toward differentiated classes of persons. This overlooks that the great duty owed by a motorist to children perceived near the highway may be quite different from the lesser duty owed to a passenger or to a following car.
The duty of a motorist to slow upon seeing children upon the highway ahead has for its purpose the avoidance of injuries to children which may be caused by their heedless or impulsive acts, the possibility of which the motorist must anticipate. Essentially, this duty is not intended to protect a passenger or a following motorist.
Therefore, the motorist's failure to slow upon perceiving children near the highway, while it might be actionable negligence to the children if the children were consequently injured, is not necessarily negligent with regard to a passenger or a following motorist. *641 For the negligence to be actionable, the risk and harm encountered by the interests injured must fall within the ambit of the protection afforded by the duty breached, i. e., the injury received should be one for the prevention of which the duty exists. Dixie Drive-It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298, noted 23 La.L. Rev. 142 (1962); Dartez v. City of Sulphur, La.App. 3 Cir., 179 So.2d 482.
One of the essential elements of a cause of action for negligence is that "the conduct of the actor is negligent with respect to the other [party], or a class of persons within which he is included * * *." Restatement of Torts 2d, Section 281(b) (Italics mine). As the Reporter's Comment c states: "In order for the actor to be negligent with respect to the other, his conduct must create a recognizable risk of harm to the other individually, or to a class of personsas, for example, all persons within a given area of dangerof which the other is a member. If the actor's conduct creates such a recognizable risk of harm only to a particular class of persons, the fact that it in fact causes harm to a person of a different class, to whom the actor could not reasonably have anticipated injury, does not make the actor liable to the persons so injured." See also Prosser on Torts, Sections 49-50 (3d ed., 1963); Prosser, Palsgraf Revisited, 52 Mich.Law Rev. 1 (1953).
This concept is well recognized in Louisiana law. In several situations a motorist may be held liable for conduct which breaches his high duty of care to children, yet held free of negligence for the same conduct under virtually similar circumstances, where a member of a different class of persons suffers injury, to whom a lesser duty of care is owed. An oncoming night motorist may be held liable for striking a child on the pavement, Brooks v. State Farm Mutual Auto. Ins. Co., La.App. 2 Cir., 91 So.2d 403, certiorari denied, yet held free of negligence for striking an unlighted truck on the highway obstructing the highway which in actuality may be just as obscure and indistinguishable as the child, Suire v. Winters, 233 La. 585, 95 So.2d 404. A day motorist may be required to anticipate that a child near the highway may dart into it, Guillory v. Horecky, 185 La. 21, 168 So. 481, yet held free of negligence to a similarly situated adult pedestrian who steps into his path, Ballard v. Piehler, La. App. 1 Cir., 98 So.2d 273.
With these qualifying observations, I concur entirely in the majority opinion's disposition of the question, regarding as dicta any statements relating to what duty Vander may have owed to the children by the side of the highway, whose interests are not at all involved in the present litigation.
With regard to the quantum:
I am concurring in the affirmance of the $100 award to the boy for the bruise and contusion, producing a slight permanent scar on his knee, even though awards of three or more times that amount are common for similar injuries. See, e. g., Daigle v. Hardward Dealers Mutual Fire Ins. Co., La.App. 1 Cir., 163 So.2d 643; August v. Delta Fire & Cas. Co., La.App. 1 Cir., 79 So.2d 114. Likewise, the wife was awarded only $1,000 for a whiplash sprain superimposed upon arthritic changes, which required minor medical treatment for some ten months, whereas, if the trial court had accepted the physician's and the plaintiff's testimony of pain, this award is probably $1,500-$2,500 less than the usual awards for similar injuries. See, e. g., Fontenot v. Snow, La.App. 3 Cir., 149 So.2d 172, summarizing awards.
In both instances, if permitted to evaluate afresh the record presented to us on appeal, the writer feels substantially higher awards are indicated by the evidence. However, our Supreme Court has held that the trial court has much discretion in the award of general damages, which should not be disturbed on review by the appellate court in the absence of a clear abuse thereof. Ballard v. National Indemnity Co., 246 La. *642 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
Feeling bound by these pronouncements of our Supreme Court, I concur in these conservative awards as not being beyond the discretion of the trier of fact under its evaluation of all the facts and circumstances of these particular injuries, including its credibility evaluation regarding complaints of pain and suffering.
For the above reasons, I respectfully concur.