On Rehearing.
En Banc.
TATE, Judge.
Mrs. Walters and her husband sue the Seven-Up Bottling Company and its liability insurer for damages sustained when a Seven-Up truck crashed into the Walters automobile as or after the plaintiff wife turned left from a main thoroughfare. On our original hearing we reversed a trial court judgment in favor of plaintiffs, when we decided that the Walters vehicle was struck while still on the main thoroughfare and that this denoted a negligent left turn on the part of its driver, Mrs. Walters.
However, upon our reconsideration of the entire record on rehearing, we have concluded that the preponderance of the evidence supports the trial court’s finding that the sole proximate cause of the accident was the Seven-Up truckdriver’s negligence in failing to perceive and to avoid the forward Walters vehicle as it turned left.
As the opinions of our original hearing show, prior to the accident both Mrs. Walters and the defendants’ Seven-Up truck were proceeding northward on Main Street of Alexandria. This is a large three-laned principal thoroughfare, reserved for northbound traffic only at the place of the accident.
Mrs. Walters had entered Main Street from a supermarket parking lot on the west side of Main Street, just 46 feet below the T-intersection where Broadway from the west ended at Main Street. She intended to and did turn left (west) at this intersection, with the north lane on Broadway into which she turned being 66 feet north of the supermarket exit.
She testified that she had entered Main Street and had proceeded this 66 feet down it in the left (west) lane to make this left turn, with her left-turn signal blinking. She is corroborated in this testimony by the passenger in her car. These ladies testified that the Walters vehicle was struck by the Seven-Up truck after it had turned into Broadway. In essentially accepting their version of the accident, the trial court expressly commented that it was favorably impressed as to the accuracy of the testimony of these witnesses.
However, the Seven-Up driver [1] testified that the accident occurred in another *447 manner. He states that Mrs. Walters had driven across Main Street into a right lane thereof, and then had (just as he drew abreast) turned left in his immediate path. This version, of course, would explain the truckdriver’s failure to have maintained such control of his more fastly approaching truck as to avoid striking the slow-moving Walters vehicle — which, according to the testimony accepted by the trial court, was instead in the left lane ahead of him. (As the trial court noted, there is no contention that Mrs. Walters entered Main Street when the Seven-Up truck was too close to her.)
In overturning this factual finding of the trial court, which was essentially based on a credibility evaluation, the persuasiveness of counsel for appellant had convinced us on original hearing that the circumstance that Mrs. Walters’ vehicle was struck in the center of its left side indicated that the accident occurred in the left lane of Main Street and also indicated that the Walters automobile actually had turned to the left from the center lane of traffic in front of the Seven-Up truck.
Our reconsideration of all the evidence in the record indicates that we were in error. In the first place, the photographs taken immediately after the accident and the testimony of the newspaper photographer who took them (whose credibility the trial court expressly commented upon favorably) show the skidmarks of the truck as veering left from Main Street into Broadway, with the debris from the impact being situated there. While the Walters car was not as far down Broadway as the ladies testified, nevertheless, as the trial court found, “the evidence * * * amply establishes that the point of impact was on Broadway [and] * * * it must be concluded that less than half of the Chevrolet was in Main when the impact occurred.” Tr. 43-44.
In the second place, the mere fact the Walters car was hit in its center cannot prove where the impact occurred or where the vehicle was prior to its left turn. These circumstances depend upon where both vehicles were immediately prior to and at the time of the impact. This can be established by the testimony of the witnesses as to the location of the vehicles and the effects of the impact. Both of these factual issues were, on the basis of conflicting testimony, resolved in the plaintiff’s favor.
On rehearing, counsel for the appellants again made a very persuasive argument. He relies upon the investigating police officer’s opinion that the impact occurred on Main Street. Counsel also interprets a photograph as indicating that the truck skid-marks ended in the left lane of Main Street, thus showing the impact as being on Main Street, which is allegedly more consistent with his truckdriver’s version of the accident than with that of all the other witnesses.
However, even if the photograph were subject to counsel’s interpretation, the police officer noted that the skidmarks ended at the back wheels of the truck, Tr. 155; thus, the forward part of the truck protruded past where these skidmarks stopped. Further, this officer’s estimate of the point of impact was arrived at “by talking to both parties” as well as from his evaluation of the physical evidence, Tr. 152. He admitted that the front end of the Seven-Up truck was in Broadway past the point on Main which he felt was the point of impact, Tr. 155, as well as that the debris of impact well into Broadway which had been noted and pictured by the photographer was there and probably came from the vehicles in *448 volved in this accident, Tr. 157. (He hypothesized that this debris had been carried past the point of impact by the momentum of the automobiles, Tr. 158.) The police officer frankly admitted to the “possibility of a variation” of the impact from his hypothesis, Tr. 158. (See trial court’s evaluation of his testimony, Tr. 43.)
Ultimately, thus, the question is whether the trial court committed factual error in its evaluation of the credibility of the witnesses and in its analysis of the factual evidence. We are unable to find the trial court so erred and to substitute for its well-supported finding the rather improbable version of the accident to which the defendants’ driver testified. Under these factual findings, we have no difficulty in affirming judgment in favor of the plaintiffs.
The law imposes a duty on the following motorist to keep his vehicle under control, to observe the forward vehicle and to follow at a safe distance. As a general rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to be at fault. An exception to this general rule of law has been recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. Vander v. New York Fire and Marine Underwriters, Inc., 192 So.2d 635 (La.App. 3d Cir. 1966) and decisions therein cited. See LSA-R.S. 32:81.
Therefore, it is our opinion that Mrs. Walters was not negligent in the manner in which she left the parking lot or in the manner in which she executed her left turn, and further, that the sole proximate cause of this accident was the negligence of Mr. Foot in failing to timely observe the left turn signal of Mrs. Walters and in failing to have his truck under proper control in order to avoid colliding with her vehicle. See Billiot v. Noble Drilling Corp., 236 La. 793, 109 So.2d 96 (1959); Williams v. Bologna Brothers, Inc., 194 So.2d 131 (La.App. 1st Cir. 1967); Evans v. Thorpe, 175 So.2d 418 (La.App. 2d Cir., 1965).
There is no dispute as to quantum.
For the foregoing reasons, we set aside our opinion on original hearing and now, on rehearing, we affirm the judgment of the trial court in favor of the plaintiffs-appel-lees. All costs to be paid by the defendants-appellants.
Affirmed.
SAVOY, J., dissents for the reasons assigned on the original hearing.
HOOD, J., concurs in part and dissents in part and assigns written reasons.

. When the plaintiff called this witness under cross-examination, the defendant objected that he was not entitled to do so since this witness was not a party. In sustaining the objection, apparently overlooked was the provision that this *447 witness, an employee of the defendant Seven-Up, could be called under cross-examination under the provisions of LSA-C.C.P. Art. 1634. This provides that a party “or his representative” may be called under cross-examination by an adverse party, and it defines “representative” as including an “employee having supervision or knowledge of the matter in controversy, in whole or in part, whether or not he is in the employ of or connected with the party at the time his testimony is taken.”