TATE, Judge.
This damage suit arises from a rear-end collision. The plaintiff Breaux was driving eastward on a two-laned main highway, followed by the defendant Laughlin. When Breaux slowed to stop, his vehicle was struck from the rear by the defendant Laughlin’s. Breaux and his passenger (Miss Adams) sue to recover for their injuries from the defendant Laughlin and his liability insurer.
The trial judge held that the collision resulted from the concurring negligence of both drivers.
Breaux appeals from the rejection of his claim; he contends that the sole cause of *95 the accident was the negligence of the defendant Laughlin in following him too closely. The defendant Laughlin and his insurer likewise appeal; they contend that, since the sole cause of the accident was Breaux’s sudden stop on the highway, the trial court erred in holding them liable for damages sustained by Miss Adams, Breaux’s passenger.
We find no manifest error in the trial court’s evaluation of the evidence to show the following facts:
Breaux was driving eastward, on the lookout for a westbound vehicle driven by a prospective employer. He was followed closely by the Laughlin vehicle. The latter driver estimated this distance to be 25 feet, an estimate not disputed by the appellant Breaux. Both vehicles were proceeding at about 60 miles per hour.
On observing the employer’s oncoming truck, Breaux stated, he gave a right-turn signal and took his foot off the accelerator to slow, braking slowly only subsequently. Laughlin, to the contrary, testified that Breaux suddenly braked hard to stop, causing him, just 25 feet to the rear, to slam into the Breaux vehicle.
The trial court essentially accepted the testimony showing that Breaux suddenly slowed while Laughlin was “tail-gating” him closely. Under these circumstances, the trial court found that the negligence of both drivers contributed to the accident. Under the facts so found, we affirm the trial court’s finding that both drivers were negligent.
Breaux was negligent in suddenly decreasing the speed of his vehicle without adequate and timely warning to the vehicle immediately to his rear. LSA-R.S. 32:104, subd. C (1963). His sudden slowing to stop on this high-speed main highway, in the absence of an emergency or sufficient cause to do so, created an unreasonable risk to traffic to his rear, especially since the succeeding vehicle was following him so closely.
Laughlin was likewise negligent in following Breaux’s vehicle more closely than was reasonable and prudent under the circumstances. LSA-R.S. 32:81. Laughlin’s close pursuit of the Breaux vehicle at the high speed of both vehicles created an unreasonable risk of collision should the preceding vehicle slow. (Had, for instance, the preceding vehicle stopped for some non-negligent cause, the negligent close-following by the Laughlin vehicle would have constituted a proximate cause of the accident. Vander v. New York Fire & Marine Underwriters, La.App. 3d Cir., 192 So.2d 635.)
The accident thus resulted from the concurring negligence of both drivers. Felt v. Price, 240 La. 966, 126 So.2d 330; Brown v. Rollinson, La.App. 2d Cir., 134 So.2d 104. Under the trial court’s evaluation of the evidence, the present is neither a situation where the following driver’s negligent close-following was not a cause of an accident resulting solely from a stop so abrupt as to be completely unforeseeable, Broussard v. Savant Lumber Co., La.App. 3d Cir., 134 So.2d 369, nor is it a situation where the preceding driver’s sudden slowing to stop was not negligent under the circumstances, Self v. State Farm Mutual Automobile Insurance Co., La.App. 3d Cir., 183 So.2d 68, which may include the apparent distance to his rear of the following vehicle, Richard v. American Oil Co., La.App. 3d Cir., 213 So.2d 158.
No substantial dispute is raised as to the amount of the award to Miss Adams, the co-plaintiff passenger.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of the appeal are assessed one-half to the plaintiff Breaux and one-half to the defendant Laughlin and his liability insurer.
Affirmed.