YARRUT, Judge.
This is a direct action against an insurer under ■ LSA-R.S. 22:655.
Defendant, as the liability insurer of an automobile owned and operated by one Henry Girdlestone, appeals from a judgment in favor of Plaintiff for $1702.60, property damage and personal injuries sustained by Plaintiff in an intersectional collision.
The accident happened on St. Claude Ave., about 30 feet from Port St., in the extreme right or river lane of St. Claude, in New Orleans, about 9:00 A.M., February 7, 1959.
St. Claude has two roadways, separated by a neutral ground, running north and south. Port St. is one way from St. Claude to the river, and two ways from St. Claude to the lake.
The only witnesses to the accident were the respective drivers, Plaintiff and Defendant’s insured, Girdlestone.
Each driver charges the other with responsibility for the collision, making a turn -without a proper signal, failing to keep his car under control, excessive speed, not keeping a proper lookout, and failure to yield the right-of-way. Defendant denied its insured was guilty of any negligence *624 and, in the alternative, charged Plaintiff with contributory negligence.
Plaintiff was on Port St. approaching St. Claude from the river. Defendant’s insured was on Port St. approaching St. Claude from the lake. In other words, they were approaching St. Claude from opposite directions, facing each other.
Plaintiff said he stopped at St. Claude in obedience to a stop sign, then turned sharply right and had proceeded into St. Claude about 30 feet in the extreme right lane, when Defendant’s insured struck him on the left side. Pie did not see Defendant’s insured until he was right upon him.
Defendant’s insured testified when he approached St. Claude he stopped for traffic and saw Plaintiff about six blocks away but did not see him again until he crossed the lake side of St. Claude, the neutral ground strip, and was turning left into the river-side curb lane of St. Claude, near the corner of Port St., which Plaintiff testified was about 30 feet.
Both drivers were on Port St., an unfavored street controlled by a “stop sign.” Both stopped for the sign and proceeded across in opposite directions, but neither saw the other enter St. Claude until the moment of collision. However, since Plaintiff entered first and turned right, he preempted the intersection. Defendant’s insured then had to cross one roadway and the neutral ground of St. Claude, and two lanes of the opposite or river roadway of St. Claude, before striking Plaintiff 30 feet from the intersection of Port.
Since Plaintiff entered the river side roadway of St. Claude first at proper speed, and thereby pre-empted the intersection, Defendant’s insured had no right to enter the river side roadway of St. Claude, and turn left down St. Claude in the same direction as Plaintiff, until it was safe to complete the crossing without striking Plaintiff. In doing so, he was guilty of negligence which solely and proximately caused the collision.
One making a left turn has the duty to make certain he can complete the turn in safety. Washington Fire and Marine Ins. Co. v. Fireman’s Ins. Co., 232 La. 379, 94 So.2d 295; Madison v. Southern Farm Bureau Cas. Ins. Co., La.App., 120 So.2d 342; Methvin v. Roshto, La.App., 96 So.2d 383; Codifer v. Occhipinti, La.App., 57 So.2d 697.
While the total claim of Plaintiff is $8,079.00, including $1,000.00 past and future medical expenses, $2,000.00 for past and future loss of wages, $5,000.00 for past and future pain and suffering, and $79.00 for automobile damage, the court allowed $1702.60 in globo with allocation.
Regarding personal injuries, the only medical testimony is in behalf of Plaintiff. One doctor who treated him before and as a result of the accident, examined him on the afternoon of the accident and found him “complaining of pain in the middle, his lumbar area of his back and on any movement in this area he experienced pain * * * gave him some sedation, some analgesics * * * robaxin which is a skeleton muscle relaxant * * * ” saw him again a week later and testified, “My diagnosis was acute back strain. He was told to continue with heat and he was told to wear a support for it do no heavy lifting.” In short, his diagnosis was acute back strain caused by the injury.
Another doctor for Plaintiff, whose report only is in the record, stated that Plaintiff may have had a sprain of the back, but was unable on February 27, 1959, when he made his examination, to find any evidence of such a diagnosis.
Plaintiff’s wife testified she had to apply heat and other ministrations to her husband for over five months, and he suffered pain during that time. Plaintiff and two of of his fellow-employees said he worked regularly but in pain and did no heavy work. Plaintiff earned while working as a longshoreman about $2.83 an hour.
There is no proof of loss of wages except one week because Plaintiff worked regular *625 ly, though in pain, because he had a wife and four children to support.
The automobile damage was $79.00; the medical bills were alleged to be $75.00, with proof of only $15.00 for X-ray and $8.00 for two visits at $4.00 each; without any proof of loss of wages, or a total of $102.00 for all. The only conclusion we can reach mathematically is that the trial court allowed $1598.60 for pain and suffering, and one week loss of wages. With no medical testimony by Defendant, we cannot find any reason to disturb this allowance for pain and suffering, while continuing to work, and at home, for a period of five months.
For the reasons assigned, the judgment of the district court is affirmed; Defendant to pay costs in both courts.
Affirmed.