MILLER, Judge pro tern.
This suit for damages which allegedly resulted from an accident which occurred in the City of Baton Rouge on February 8, 1959, was brought by Miss Joyce Nolan, a guest passenger, against John Gilbert Ho-hensee, driver of the vehicle that ran into the rear-end of the Volkswagen in which Miss Nolan was riding, and his insurer Employers Mutual Casualty Company. Liability and coverage were admitted by the insurer at the commencement of the trial, with the result that the only issue presented was that of quantum. Judgment was rendered in favor of Miss Nolan in the sum of $750.00 and she has appealed asking that the award be increased to the policy limits of $5,000.00. The defendant did not answer the appeal.
It was stipulated that the physicians’ reports would be introduced in evidence in lieu of taking their testimony, and that if plaintiff’s mother were called to testify, her testimony would be substantially the same as that of the plaintiff. Therefore the only witness heard at the trial was the plaintiff.
Miss Nolan related that the accident occurred about 8:40 p. m. and testified that:
“ * * * he ran right into the back of us which gave us a forward jolt and then a backwards jolt and they have *483 bucket seats in a Volkswagen, which are little individual seats, and these seats were given such a jolt to come forward and then back again that they jumped off of the runners that they are bolted down to the car and in that movement my neck did the same thing, went forward and came back and it snapped.”
Miss Nolan related that she went home as soon as the police had “written up” the accident and because of the immediate pain and soreness she telephoned Dr. Ashton Robins, who was her next door neighbor. Miss Nolan testified that Dr. Robins suggested that she stay home a couple of days and rest in bed, which she did. A few days later, she again telephoned Dr. Robins and he suggested that she come to his office. Her first visit to Dr. Robins was on March 13, 1959 and her second and last visit to him was near the middle of May, 1960. At the request of Dr. Robins, x-rays were made on March 14, 1959 by Doctors Robert and Geheber. On numerous other occasions Miss Nolan telephoned Dr. Robins to describe her complaints and she received instructions and prescriptions. Miss Nolan testified that she did not get any therapy at Dr. Robins office, but that she followed Dr. Robins instructions and applied heat to her neck for pain and took some of the prescribed medicines. Plaintiff’s mother would massage her neck from time to time to relieve the tension in the neck muscles. Dr. Robins changed her medications several times in an effort to relieve her headaches, and Miss Nolan estimated that her total bill for the prescriptions was at least Ten Dollars. In summarizing her condition, Miss Nolan testified that she:
“ * * * had constant headache the first week or so and they were quite frequent, as I said at least four or five times a week at first. Then I should say over a period of three or four months they subsided somewhat. It would be once a week, once every two weeks, now I think that I have them at least once or twice a month, twice a month at least.”
Dr. Robins’ report indicates that he found no objective symptoms. He noted that since the accident, Miss Nolan has had a painful sore neck and headaches, mainly occipital in location. In his May, 1960 report, he stated that :
“She still complains of pain in the posterior portion of her neck and states it has been there constantly since the accident. Although she is not disabled she is uncomfortable and has constant aching pain.
“I am sure this young lady will recover with no residual. However, I cannot give an estimate of how long the pain will last. Whiplash injuries are rather unpredictable. There should be no permanent disability.”
On June 9, 1960, Miss Nolan went to Dr. James F. Halley, orthopaedic surgeon of Baton Rouge, Louisiana. The trial court’s finding that this visit was for the purpose of treatment rather than for evaluation is not manifestly erroneous and therefore plaintiff was entitled to recover the expenses in connection with that visit. The cases of Watts v. Delta Fire & Casualty Co., La.App., 106 So.2d 752 and McCrory v. Great American Indemnity Co., 92 So.2d 742 which hold that medical expenses incurred for the purpose of preparing for trial cannot be recovered, are not here in point.
Dr. Halley’s report confirms the fact that there were no objective symptoms and stated that:
“It is my opinion that Miss Joyce Nolan sustained a strain of her cervical musculature at the time of her accident. I feel that this strain is subsiding at this time and will continue to do so and no permanent disability is anticipated as a result of this accident.”
On the date of the accident, Miss Nolan was unemployed. However, nine days aft *484 erward, she accepted a position as a substitute teacher at Istrouma Junior High School and was employed and was able to discharge her duties as a full time teacher for the following terms of school.
Shortly after the trial and after briefs had been filed, the trial court for oral reasons made an award of $750.00.
Plaintiff's medical expenses were $12.00 for two office visits to Dr. Robins, $55.00 for x-rays, $40.00 for office visit and x-rays by Dr. Halley and $10.00 for medications. The balance of the award, i. e. $633.00 was for the injury to, and the resulting pain and suffering of, the plaintiff.
Appellants brief argument in support of the position that the trial court's award is manifestly inadequate is based on the contention that the trial court failed to give proper consideration to the fact that both Dr. Robins and Dr. Halley stated in their reports that Miss Nolan was still suffering from the accident some sixteen or seventeen months after the accident. Appellant further contends that his client is being penalized because she did not elect to run up a lot of medical and doctor bills. Ap-pellees’ counsel argues that while it is true that neither of the plaintiff’s physicians reported that his patient had completely recovered, their reports make it abundantly clear that they cannot find any objective symptoms which disclose a basis for the complaints; that since the Doctors’ statements that Miss Nolan is still suffering were based entirely on her complaints to the examining physicians, we must give more weight to the findings of the trial judge; that he was in a better position to evaluate Miss Nolan’s credibility than were the two doctors; that neither Doctor had the opportunity of seeing Miss Nolan cross-examined with reference to her activities; that it is not the duty of the doctor to conduct a contradictory proceeding to determine whether or not their patient is telling the truth about headaches and neck pains; and that only a court of law conducts a contradictory proceeding where a person’s credibility can be tested and explored.
Both of these arguments are impressive. Yet we do not find that appellees’ argument requires that we hold that $633.00 is the proper award for plaintiff’s injury and the resulting pain and suffering. There can be no doubt but that the learned trial judge concluded that Miss Nolan sustained a cervical strain. Although the treating physicians found no objective symptoms, the medical opinion of Dr. Robins was that she was “uncomfortable and has constant aching pain” as of May 10, 1960 (some fifteen months after the accident), and Dr. Halley’s medical opinion was that “this strain is subsiding” as of June 9, 1960. This indicates that Dr. Halley found that plaintiff was suffering some ill effects from the accident as late as sixteen months after the accident. Had appellees desired to have the basis for these medical opinions reviewed by the trial judge these Doctors could have been called to testify.
Plaintiff’s injuries do not appear to be as serious as those sustained by the claimant in Watts v. Delta Fire & Casualty Co., supra, and Downs v. Hartford Accident & Indemnity Co., La.App., 116 So.2d 712 where the respective awards were $3,-500.00 and $3,000.00 plus specials for whiplash injuries. Plowever the injuries do appear substantially more serious than those suffered by the plaintiff in the case of Elder v. Travelers Indemnity Co., La.App., 125 So.2d 694, where the award was $750.00 for one month’s pain and suffering. In our view of the jurisprudence, the award of $633.00 for the injury and resulting pain and suffering was manifestly inadequate and should be raised to the sum of $1,500.00. The award of $117.00 for special damages is affirmed.
For these reasons, the award of damages to Miss Joyce Nolan is increased from $750.00 to the sum of $1,617.00 and in all other respects the judgment is affirmed, costs to be paid by defendants-appellees.
Amended and affirmed.