146 So.2d 171 (1962)
William A. DYKES et ux., Plaintiffs-Appellants,
v.
Everett A. LOWRANCE et al., Defendants-Appellees.
No. 593.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1962.
On Rehearing November 5, 1962.
Robert E. Turner, Baton Rouge, and Raymond Tatum, Beaumont, Tex., for plaintiffs-appellants.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendants-appellees.
Before TATE, FRUGÉ and SAVOY, JJ.
SAVOY, Judge.
This suit was brought by William A. Dykes and his wife, Rosie Dykes, for injuries *172 they suffered as a result of a collision between an automobile owned and driven by William A. Dykes, in which Rosie Dykes was a guest passenger, and a truck owned by Everett Lowrance, Inc., and driven by an employee thereof, Frank Hale, which truck was insured by Canal Insurance Company. Named as defendants were Canal Insurance Company, Everett Lowrance, Inc., and Everett A. Lowrance.
The case was tried on the merits before the Honorable Woodrow Overton and before he could decide said case, said judge died. The case was decided by the Honorable Lessley P. Gardiner, who decided the case in favor of defendants and dismissed plaintiffs' suit. From this judgment, plaintiffs have appealed to this Court.
The accident occurred on February 23, 1958, in the City of Opelousas. It was raining. Immediately prior to the accident, the plaintiffs' automobile was stopped behind another east-bound vehicle at a highway intersection regulated by a traffic light.
The question for determination in the instant case is whether the defendant's truck negligently ran into the rear of plaintiffs' stopped vehicle or whether, instead, the accident occurred when the plaintiffs' vehicle started after the light turned green and then stopped suddenly.
The evidence as to the cause of the accident is conflicting. The plaintiffs testified that they were stopped at the traffic light and the light was red; and, that without warning, the truck driven by Frank Hale ran into the rear end of their automobile, causing the property and personal damages complained of in this case.
Hale testified that the traffic light had turned green, and that plaintiff, William A. Dykes, started after the light had turned green and then stopped suddenly, and that he struck the rear end of the car belonging to William A. Dykes and was unable to avoid the accident.
The trial judge accepted the version of the accident given by Hale, and held that the proximate cause of the accident was the negligence of William A. Dykes in stopping his car suddenly, and he held Hale to be free of any negligence contributing to the accident.
In the case of Emmco Insurance Company v. St. Lawrence, (La.Ct.App., 4 Cir., 1962), 127 So.2d 202, the court said:
"The law imposes upon a motorist the duty of following a preceding vehicle at a safe distance; therefore, as a general rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to be at fault. One of the exceptions to this general statement of the law is recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid."
For purposes of this decision, this Court is accepting the trial court's version of the accident. We are of the opinion that under the facts in the instant case, both plaintiff, William A. Dykes, and the driver of the truck, Frank Hale, were negligent. The negligence of William A. Dykes being that he stopped his car abruptly without giving any warning or proper signal. Frank Hale was also negligent in not keeping a proper lookout for the traffic ahead of him.
The next question for determination is whether the negligence of the plaintiff, William A. Dykes, can be imputed to his wife, a passenger in his vehicle.
It is the opinion of this Court that the accident happened so suddenly that the plaintiff wife could not warn her husband and there was no negligence on her part. She is entitled to recover for the injuries sustained in the accident.
The only doctor who examined Mrs. Rosie Dykes was Dr. Rogers Pierson. He first saw Mrs. Dykes approximately one (1) year after the accident, namely, on January 17, 1959. He stated that he found she was *173 suffering from headaches, nausea and dizziness, and she complained of a spot on her right eye. He also found motion of her neck was painful in any direction. He also found increased numbness in her right arm. He also found pain in the lumbosacral region.
Dr. Pierson concluded that Mrs. Dykes had a concussion of the brain; damage to her neck, both the vertebrae and the muscles; and, extension of numbness down her right arm. It was his opinion that she was suffering from a ruptured disc in the lumbosacral area, although he conceded that the x-rays made of the patient did not reveal evidence of a disc injury. The evidence is not convincing that Mrs. Dykes sustained either a ruptured disc injury or permanent disability as a result of the accident.
After examining the medical testimony, this Court is of the opinion that an award of $4,000.00 is adequate to compensate Mrs. Rosie Dykes for the injuries she sustained in the accident in the instant case.
For the reasons assigned, the judgment of the district court is affirmed insofar as it holds that the plaintiff, William A. Dykes, is guilty of negligence, and is reversed insofar as it decrees Frank Hale to be free from contributory negligence in the instant case. Judgment is hereby rendered in favor of Rosie Dykes against Canal Insurance Company, Everett Lowrance, Inc., and Everett A. Lowrance, in solido, in the full and true sum of $4,000.00, with interest at the rate of 5% per annum from date of judicial demand until paid, and for all costs in this Court and in the district court.
Affirmed in part, reversed in part, and rendered.

ON REHEARING
EN BANC.
SAVOY, Judge.
A rehearing was granted in the instant case limited to the award of $4,000.00 granted by this Court to Mrs. Rosie Dykes.
Mrs. Dykes was examined by the following doctors:
Dr. Rogers Pierson, a general practitioner, first saw her on January 17, 1959, approximately one (1) year after the accident. Dr. Pierson concluded that Mrs. Dykes had a brain concussion; damage to her neck, both the vertebrae and muscles; and, extension of numbness down her right arm. It was his further opinion that she was suffering from a ruptured disc in the lumbosacral area, although he conceded that the x-rays made revealed no evidence of a disc injury. He last examined her about a month before trial (June 27, 1960) and felt that, at that time, she was 75% disabled.
Dr. George Franklin Crawford, a specialist in radiology, x-rayed Mrs. Dykes at the request of Dr. Pierson. With regard to the cervical spine, he found that the curvature was straightened with a slight reversal of the mid curvature and a slight narrowing of the interspace between C-5 and C-6. With regard to the lumbar spine, he found that the curvature in the lower lumbar and sacral area was accentuated, there being "a little more" curve than is usually seen. He also found a minimal sclerosis along the sacroiliac joint.
Dr. Joseph M. Edelman, a neurosurgeon, examined Mrs. Dykes on June 29, 1959. From his examination, he concluded that she had sustained no injury to the spine or central nervous system, and could assign her no disability at that time.
Dr. J. Willard Dowell, an orthopedic surgeon, examined Mrs. Dykes on June 29, 1959. He stated that, at that time, there was apparently some slight restriction of neck motion and slight restriction of extension of the spine. He felt that she had sustained a sprain of the neck and lower back. He found her able, at the time of his examination, to return to her usual duties as a housewife.
Dr. David S. Malen, a specialist in radiology, examined Mrs. Dykes on June 29, 1959, at the request of Dr. Edelman. His x-rays of the skull, cervical spine and lumbosacral *174 area showed, in his opinion, nothing abnormal or significant.
The record in the instant case is void of any evidence covering the period from February, 1958, the time of the accident, to January, 1959.
Taking all of the medical evidence as a whole, this Court concludes that by or before June 29, 1959, Mrs. Dykes had recovered from any disability she sustained. It is also noted that she worked for at least three (3) different employers following the accident, one job being as a nurse's aid at a hospital in Greenville, Mississippi. She worked there for three (3) weeks beginning October 26, 1959. That type work was described as being "rough" by the Assistant Superintendent of Nurses of said hospital.
After careful reconsideration of the evidence, this Court is of the opinion that the injuries sustained by Mrs. Dykes were moderate in nature and that the prior award of $4,000.00 granted to her was excessive and should be reduced to $1,500.00. Nolan v. Employers Mutual Casualty Company, (La. App., 1 Cir., 1962) 140 So.2d 482; Watts v. Delta Fire & Casualty Company, (La. App., 1 Cir., 1958), 106 So.2d 752; Dowies v. Traders & General Insurance Company, (La.App., 3 Cir., 1960), 124 So.2d 610; Downs v. Hartford Accident & Indemnity Company, (La.App., 2 Cir., 1959), 116 So. 2d 712; Ford v. State Farm Mutual Automobile Insurance Company, (La.App., 2 Cir., 1962), 139 So.2d 798; Attaya v. Zimmerle, (La.App., 1 Cir., 1955), 83 So.2d 676; Marchiafava v. Pearce, (La.App., 1 Cir., 1960), 125 So.2d 34; Catalano v. Hardware Mutual Casualty Company, (La. App., 4 Cir., 1962), 138 So.2d 623.
For the written reasons assigned, the original award made in the instant case to Mrs. Rosie Dykes of $4,000.00 is amended so as to reduce same to the sum of $1,500.00, and as amended, is affirmed at appellants' costs.
Amended and affirmed.