LOTTINGER, Judge.
This is a damage suit arising out of an automobile collision which occurred in the Parish of East Baton Rouge on September 28, 1959, when an automobile owned by Miss Pearl Harvey and being driven by Betty Jean Harvey, minor child of F. F. Harvey, was struck from the rear by a vehicle owned by the Lone ■ Star Cement Corporation and being driven by Bennie R. Nobles during the course and scope of his employment. Plaintiffs are F. F. Plarvey as head and master of the community existing between him and Mrs. Harvey and as father and natural tutor of the minor, Betty Jean Harvey, and Mrs. F. F. Harvey individually. Defendants are Lone Star Cement Company, its employee, Bennie R. Nobles and Lone Star’s insurer, Indemnity Insurance Company of North America.
The case was tried on the merits in the Court below on November 7, 1961, following which judgment was rendered against the defendants as follows:
F. F. Harvey in the amount of $305.65 for medical expenses and expenses in repairing Miss Harvey’s automobile;
F. F. Harvey as father and natural tutor of the minor, Betty Jean Harvey in the amount of $3,500.00;
Mrs. F. F. Harvey in the amount of $400.00;
The expert witnesses’ fees of Dr. W. Shewen Slaughter and Dr. Thomas Cam-panello were fixed at $50.00 each and taxed as costs,
from which judgment the defendants have appealed.
Liability is not contested in this Court nor do defendants appear to contest the award to Mr. Harvey of $305.65 or the fees of Drs. Slaughter or Campanello; appellants, however, strenuously contest the awards in favor of the minor and Mrs. Harvey. There is no serious dispute as to the facts which appear to be as follows:
Betty Jean Harvey was taken to the emergency room of the Baton Rouge General Hospital immediately following the accident where she was seen by Dr. Slaughter who observed some rigidity of the neck muscles and some pain on movement of the neck. X-rays taken then and later were negative and traction was not suggested. She was not put to bed and was apparently in the hospital just a few hours. *927 She was seen again by Dr. Slaughter on October 20, 1959, at which time he found pain but no muscle spasm. She was seen by Dr. Slaughter also on December 8, 1959, January 25, 1960, February 23, 1960, June 14, 1960 and last, on November 29, 1960. On none of these occasions were objective symptoms revealed but she did complain of pain and on the occasion of her last visit only complained of pain on extreme movement or manipulation of the neck.
Betty Jean Harvey, a resident of Jackson, Louisiana, was a student at Louisiana State University at the time of the accident, residing in one of the dormatories on the campus. Except for the day of the accident, she missed no classes, but she did appear to miss from two to four days of her part time employment with the LSU Library. Following the accident she continued with her classes and continued to visit her home in Jackson on week-ends. During the Easter Holidays in 1960, she went by train to Florida to a convention of her sorority.
In connection with her work at LSU, Betty Jean participated in various courses in physical education. She engaged in archery, volley ball, square dancing, swimming and children’s games.
Dr. Campanello examined Betty Jean on January 20, 1961, and on November 6, 1961, which was the day before the trial. He described the injury as what is commonly referred to as a “whiplash” and concluded by saying: “As I say here, this youngster just has over-stretched and over-pulled muscles and this is a moderate type of whiplash injury. She has no nerve root involvement. I did a careful examination and from the x-ray pictures she has no joint involvement.”
From the above and foregoing we conclude that Betty Jean Harvey’s injuries were definitely less serious than those sustained by the plaintiff in the case of Nolan v. Employers Mutual Casualty Company, La.App., 140 So.2d 482, wherein we awarded the sum of $1,500.00 and feel that justice will be served here by awarding Mr. Harvey on behalf of his minor child for the injuries received by her the sum of $1250.00.
Mrs. Harvey, who was riding with her daughter at the time of the accident, was likewise taken to the emergency room of the Baton Rouge General Hospital where she complained of “soreness in her upper back”. She was given a complete examination and there was no objective evidence except of stiffness of the muscles of the neck and shoulders. She was allowed to go home and several days later reported to her doctor by telephone that she was “still sore but improved”. The doctor never treated her again for any complaint referrable to the accident. Except for the day of the accident, she lost no time from her employment. Under the circumstances, we think that an award of $200.00 would be ample compensation for the minor injury received by Mrs. Harvey.
For the reasons assigned, the award of damages to Mr. F. F. Harvey, as father and natural tutor of his minor child, Betty Jean Harvey, is reduced from the sum of $3,500.00 to the sum of $1,250.00 and the award of damages to Mrs. Harvey is reduced from the sum of $400.00 to the sum of $200.00 and in all other respects the judgment appealed from is affirmed; costs to be paid by appellants.
Judgment amended and affirmed.