189 So.2d 299 (1966)
Daniel J. SLOCUM et al., Plaintiffs-Appellants,
v.
AMERICAN CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
No. 1783.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1966.
*300 Maxwell J. Bordelon, Marksville, for plaintiffs-appellants.
McLure & Ford, by T. C. McLure, Jr., Alexandria, Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellees.
Before TATE, FRUGÉ and SAVOY, JJ.
FRUGÉ, Judge.
This is a tort action arising out of a two-automobile rear-end collision which occurred about 2:30 o'clock P.M. on September 5, 1964, on U. S. Highway 71 and 7½ miles north of Cheneyville, Louisiana. Reburn L. Burson was driving a 1964 Ford sedan which had been loaned to him by Metairie Motor Sales, Inc., with whom he had left his own automobile while negotiating a new car purchase from said company. The 1964 Ford was actually owned by Walter A. Cambre, a salesman for Metairie Motor Sales, Inc. Daniel J. Slocum was driving a 1961 Volkswagen, owned by E. J. Andrus. Both automobiles were proceeding north on U. S. Highway 71 when the Volkswagen was struck from behind by the Ford.
Suit was brought by Daniel J. Slocum, individually and as administrator of the estates of his three minor children, and by Mrs. Barbara Slocum, his wife, (all occupants of the Volkswagen) against American Casualty Company of Reading, Pennsylvania, public liability insurer of Metairie Motor Sales, Inc. By supplemental and amending petitions, New York Fire & Marine Underwriters, Inc. (automobile liability insurer of the car driven by Burson and owned by Cambre), Government Employees Insurance Company (automobile *301 liability insurer of the car owned by Burson, but left at Metairie Motor Sales, Inc.) and Reburn L. Burson were made defendants and American Casualty Company was voluntarily dismissed from the suit. By a third party demand of New York Fire & Marine, Metairie Motor Sales, Inc. and American Casualty Company were made third party defendants. Said third party demand was voluntarily dismissed as to Metairie Motor Sales at the beginning of the trial.
After a trial on the merits, the trial court rendered judgment rejecting plaintiffs' demands and dismissing the third party demand against American Casualty Insurance Company. Plaintiffs have appealed. There was no appeal as to the dismissal of the third party demand.
Turning now to the facts surrounding the accident, we find that the two drivers gave mutually inconsistent versions of how the accident happened. Both drivers agreed that there was heavy rain at the time of the collision and that it had been raining in sporadic downpours for some time prior thereto. Burson (defendant driver) testified that he was driving between 40 and 45 miles per hour in the heavy rain when suddenly he saw the Slocum vehicle stopped in the middle of the two-lane highway at least 50 or 75 feet in front of him; that the rear lights on the Slocum vehicle were not shining; that he applied his brakes, but when his car started skidding, released same; that he swerved to the right because it looked like he had plenty of room to pass on the right; that Slocum suddenly pulled back to the right and into Burson's path; that he would have missed the Slocum vehicle if Slocum had not pulled back to the right.
On the other hand, Slocum testified that he and his family were following his father-in-law to Texas; that his father-in-law slowed down in order to allow a hay truck to turn; that Slocum, in turn, slowed down, applying his brakes and causing his brake lights to come on; that he had been traveling with his lights on; that when he slowed down, Burson's vehicle struck him from behind; that Slocum was in his own lane of traffic, not in the middle of the highway immediately prior to the accident, and had not swerved to the right.
The physical evidence shows that the left front fender of the Burson car struck the right rear portion of the Slocum car with only a slight impact.
The trial court accepted Slocum's version of the actual happening of the collision, finding it more plausible in view of the surrounding circumstances. After examining the evidence, we cannot say that the trial court was manifestly erroneous in accepting Slocum's version.
Under the facts found by the trial court, we are of the opinion (as was the trial court) that the sole cause of the accident was the negligence of Burson. As stated by this Court in Self v. State Farm Mutual Automobile Insurance Co., La.App. 3 Cir., 183 So.2d 68:
"The law imposes upon a following motorist a duty to exercise great care, sometimes referred to as extraordinary care. Evans v. Thorpe, La.App. 2 Cir., 175 So. 2d 418. As a rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to be at fault. An exception to this general rule of law has been recognized, however, in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. Zeno v. Breaux, La.App. 3 Cir., 164 So.2d 666, Emmco Insurance Co. v. St. Lawrence, La.App. 4 Cir., 127 So.2d 202, and Dykes v. Lowrance, La. App. 3 Cir., 146 So.2d 171."
See also LSA-R.S. 32:81, subd. A, which provides:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and *302 the traffic upon and the condition of the highway."
Furthermore, when a motorist's visibility is impaired by adverse weather or atmospheric conditions, the motorist is held to an unusually high degree of care. See Larocca v. Aetna Casualty Insurance Company, La.App. 1 Cir., 181 So.2d 482; Lewis v. Quebedeaux, La.App. 3 Cir., 134 So.2d 93; Goutierrez v. Travelers Insurance Company, La.App. 1 Cir., 107 So.2d 847; and McDaniel v. Capitol Transport Company, La.App. 1 Cir., 35 So.2d 38. See also Anno: AutomobilesAtmospheric Conditions, 42 A.L.R.2d 13.
After considering the above facts and law, we conclude that Burson was negligent in following too closely under the prevailing circumstances and that Slocum was free from contributory negligence.
We turn now to the more serious question of whether or not plaintiffs have sustained injuries causally connected with Burson's negligence. As noted above, the original petition contained claims for injuries allegedly sustained by the Slocums' three minor children. However, upon trial of this case, no evidence was introduced as to the alleged injuries of said children. Therefore, the trial court correctly refused to grant any award for the benefit of said children.
Mrs. Slocum testified that she sustained a neck injury in the collision; that she was unable to do her housework for the following six (6) or seven (7) months and had to hire a maid; that she experienced headaches and nauseation in the months following the accident; that she was treated by Dr. P. M. Davis, Jr., for her neck injury. The trial court refused to allow any recovery to Mrs. Slocum on the ground that she failed to call Dr. Davis as a witness. It is true that the failure of a claimant to call a treating physician raises a rebuttal presumption of no accident-related injuries, since it is presumed that the testimony of said physician would be adverse to the interests of the claimant. See Evers v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 187 So.2d 217; Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916; Turner v. Southern Industries Company, La.App. 1 Cir., 88 So.2d 238. However, we note that in the present case the deposition of Dr. P. M. Davis, Jr. was taken approximately three (3) weeks prior to the trial. Counsel for New York Fire & Marine and counsel for American Casualty Company were present at the taking of said deposition and participated therein. Admittedly, Dr. Davis' deposition deals solely with Mr. Slocum's injuries and the treatment thereof; Dr. Davis not being questioned concerning Mrs. Slocum's injuries. However, we are of the opinion that counsel for defendants, as well as counsel for plaintiffs, had an opportunity to question Dr. Davis concerning Mrs. Slocum's injuries. Under these circumstances, we do not feel justified to enforce the presumption against Mrs. Slocum. Consequently, we must hold that the trial court was manifestly erroneous in denying recovery on said ground.
Without going into detail, we are of the opinion that the evidence shows that Mrs. Slocum sustained a mild whiplashtype injury to her neck. We feel that an adequate award would be $1,000.00.
Dr. P. M. Davis, Jr., an orthopedic surgeon who examined Mr. Slocum one month following the above described accident, was of the opinion that Mr. Slocum had sustained a "mild sprain of the neck" in the accident. Some five months following the accident, Dr. Davis also found medical evidence indicating that Mr. Slocum had a ruptured disc. However, said physician felt that the ruptured disc was probably not related to the accident. Mr. Slocum testified that he began experiencing pains in his neck the evening following the accident. This testimony was corroborated by Mrs. Slocum.
We find no manifest error in the trial court's finding that the ruptured disc *303 (if existent) was not causally related to the accident. However, we find that the trial court was manifestly erroneous in denying recovery for the neck sprain. The record contains uncontradicted medical evidence that Mr. Slocum did in fact sustain a mild neck sprain in the accident. The trial court's denial of recovery was apparently based upon the fact that Dr. Davis' diagnosis was not supported by objective or neurological findings. By using this method, we believe that the trial court placed upon Mr. Slocum an unreasonable burden of proof. As we have recently stated in Gassiott v. Gordey, La.App. 3 Cir., 182 So. 2d 170, 175:
"By a preponderance of evidence is meant, simply, evidence which is of greater weight, or more convincing, than that which is offered in opposition to it; that is, evidence which as a whole shows that the fact or causation sought to be proved is more probable than not * * *"
Therefore, we are of the opinion that Mr. Slocum has proven that he sustained a mild neck sprain in the accident. We feel that an adequate award for the mild neck sprain would be $1,000.00.
Turning now to the question of insurance coverage, we find that the only two insurers before this court on appeal are (1) New York Fire & Marine Underwriters, Inc., which issued an automobile liability policy covering the 1964 Ford driven by Burson to Walter A. Cambre, and (2) Government Employees Insurance Company, which issued an automobile liability policy to Reburn L. Burson covering the Volkswagen which Burson left at Metairie Motor Sales, Inc. Both policies were in effect at the time of the accident. Burson was, of course, an omnibus insured under the New York Fire & Marine policy, and the named insured under the Government Employees policy. Both of said policies contained the following "other insurance" clause:
"If the insured (including omnibus insured) has other insurance against a loss covered by * * * this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."
Under the above provision, it is clear that the policy issued by New York Fire & Marine Underwriters, Inc. provides primary coverage, while the policy issued by Government Employees Insurance Company provides only excess coverage as to the non-owned automobile. See Peterson v. Armstrong, La.App. 3 Cir., 176 So.2d 453, 458; Anno: Liability InsurersApportionment, 76 A.L.R.2d 502; 7 Am.Jur. 2d "Automobile Insurance", Sec. 202, page 504. For more detailed discussion of "other insurance" clauses see Lincombe v. State Farm Mutual Automobile Ins. Co., La.App. 3 Cir., 166 So.2d 920; and State Farm Mutual Auto. Ins. Co. v. Travelers Ins. Co., La.App. 3 Cir., 184 So.2d 750 (majority and concurring opinions).
We note that the judgment rendered herein this day is within the limits of the primary insurer.
For the reasons stated above, judgment is rendered herein in favor of Daniel J. Slocum against New York Fire & Marine Underwriters, Inc. and Reburn L. Burson, in solido, in the sum of $1,000.00, together with legal interest since date of judicial demand until paid, and in favor of Mrs. Barbara Slocum against New York Fire & Marine Underwriters, Inc. and Reburn L. Burson, in solido, in the sum of $1,000.00, together with legal interest since date of judicial demand until paid. All costs in both courts to be paid by defendants-appellees, *304 New York Fire & Marine Underwriters, Inc. and Reburn L. Burson. Otherwise, the judgment of the district court is affirmed.
Reversed in part; affirmed in part.