TATE, Judge.
The sole issue raised by the appeal of Mrs. Lacey Dugas, plaintiff-appellant, is: Did the trial court abuse its discretion in awarding her only $250.00 for a whiplash injury to the neck and back?
Mrs. Dugas was injured when a passenger in her husband’s automobile. The vehicle was stopped when it was struck by the truck of the defendant insured. The truck was proceeding only 1-2 mph.
Mrs. Dugas testified that, after she went to bed on the night of the accident, she commenced to feel pain in her neck and back. She testified that she still occasionally felt the pain at the time of trial, some two years later.
She was examined only once, some two and a half months after the injury. The doctor felt that she had sustained a neck and back strain.
Both the doctor’s report (his report was admitted by stipulation in lieu of any testimony from him) and Mrs. Dugas’s testimony are susceptible of the interpretation that the effects of the strain were minimal and extremely temporary in duration. Some corroboration is furnished by the circumstance that she consulted a physician only once, some time after the accident, and then not for purposes of treatment. Further, the trial court is in a better position to evaluate the sincerity of testimony of residual pain than is an appellate court on review.
The trial court has great discretion in the award of general damages for personal injuries, which the reviewing court should not disturb in the absence of clear abuse. Civil Code Article 1934; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127. We find no such abuse here in the award of $250.00 for minimal personal injury resulting from this slight *321 impact. See, e. g.: Johnson v. Shreveport Transport Co., La.App. 2d Cir., 188 So.2d 713; Harvey v. Indemnity Insurance Co. of North America, La.App. 1st Cir., 147 So.2d 925; Dowies v. Traders and Gen. Ins. Co., La.App. 3d Cir., 124 So.2d 610 (syllabus 1).
We therefore affirm the award of the trial court. Plaintiff-appellant is to pay the cost of this appeal.
Affirmed.