# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-257


OLIVIA LYNCH

VERSUS

PROGRESSIVE INSURANCE COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 208,862
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**Saunders, J., concurs in the result and assigns written reasons.**

                              **REMANDED WITH INSTRUCTIONS.**


**Edward Alan Kaplan**
**Attorney at Law**
**Post Office Box 12386**
**Alexandria, Louisiana  71315**
**(318) 448-0831**
**Counsel for Plaintiff/Appellee:**
        **Olivia Lynch**

**Ray F. Lucas, III**
**Attorney at Law**
**Post Office Box 4305**
**Lafayette, Louisiana   70502-4305**
**(337) 232-1604**
**Counsel for Defendants/Appellants:**
        **Safeway Insurance Company**
        **Douglas Sibley**

SULLIVAN, J.

While operating a vehicle owned by Harriet Gonzalez, Douglas Sibley struck a house rented and occupied by Olivia Lynch. Ms. Lynch filed suit against Mr. Sibley; his insurer, Safeway Insurance Company (Safeway); and the insurer of the Gonzalez vehicle, Progressive Insurance Company (Progressive). After settling with Progressive, Ms. Lynch obtained a judgment in her favor against Safeway and Mr. Sibley for Safeway's policy limits of $10,000.00. Safeway and Mr. Sibley appeal, arguing that the trial court erred (1) in not granting Safeway credit for the remaining limits of the Progressive policy, which provided primary coverage for the accident, and (2) in not making specific findings as to the amount of special damages and general damages sustained by Ms. Lynch. Because the trial court's reasons for judgment are confusing and incomplete, we are unable to determine what, if any, credit the trial court applied in rendering judgment against Safeway and Mr. Sibley. Accordingly, we remand for clarification with instructions outlined below.

**Facts**

The accident occurred on May 12, 2002, when Mr. Sibley, while driving with two passengers in the Gonzalez car, lost control of the vehicle and struck Ms. Lynch's residence, a brick home that she was renting. At the time of the accident, the fifty-two-year-old Ms. Lynch was standing in the living room, where she was struck in the back, neck, and legs by flying bricks and debris.

That day, Ms. Lynch was transported by ambulance to the Huey P. Long Emergency Room in Pineville, Louisiana, where she was treated for neck, leg, and back pain. Two days later, she sought additional treatment at St. Frances Cabrini Hospital (Cabrini) in Alexandria, Louisiana, for pain and swelling in her upper back. After she was discharged from Cabrini, she was treated for approximately three

months by Dr. Gerald Leglue, who also prescribed physical therapy. Dr. Leglue concluded that Ms. Lynch suffered from a cervical sprain/strain, thoracic strain, and multiple abrasions and contusions in the upper back. He also diagnosed lumbar strain, lumbar facet joint sprain, right iliolumbar sprain, right piriformis muscle strain, and edema in both legs. Ms. Lynch's medical expenses totaled $7,080.28, plus an additional $67.64 in copying costs. She also missed two weeks of work, resulting in lost wages of $652.00.

The collision caused significant damage to Ms. Lynch's residence, rendering it uninhabitable. Despite Progressive's promises that living arrangements would be provided for her, no accommodations were made. As a result, Ms. Lynch and her son lived in a car for about four days. She also claims that several items were stolen from her home because the structural damage made it impossible to secure it from the public. After collecting enough money for a moving van, Ms. Lynch moved in with her cousin for about two and a half weeks before finding a new place to live.

The Progressive policy covering the Gonzalez car had bodily injury limits of $25,000.00 per person and $50,000.00 per accident. Mr. Sibley's Safeway policy limits were $10,000.00 per person and $20,000.00 per accident. Progressive settled with the two passengers in the Gonzalez vehicle for a total of $31,827.50, leaving $18,172.50 in coverage for Ms. Lynch's claim.[1] After filing suit, Ms. Lynch dismissed Progressive after settling with it for $10,000.00 and proceeded to a quantum-only trial against Safeway and Mr. Sibley. In awarding Ms. Lynch the Safeway policy limits of $10,000.00, the trial court stated:

---

[1]Although Defendants state in their appellate brief that they are entitled to a credit of $18,712.50, they apparently reached this figure by transposing two numbers.

2

I understand that. So when you take this to Lake Charles, understand the Court's reasoning. But *this woman has suffered excessive damages.* There are two separate legal entities here that were both liable under the circumstances. I will not punish you by giving you the excess of your carriage, but *I will deny you credit. Because this woman was damaged beyond the amount of—that she should be able to recuperate for the damages, inconvenience and losses that she has suffered.*

So, this Court, at this time, will grant her the policy limits of Safeway, which is Ten Thousand Dollars. And *this Court will further add that even—even there, that is not adequate.* And that's why I wanted to be sure that when I put my pen to it, that I wouldn't just be whistling Dixie, and giving her something she cannot have.

(Emphasis added.)

## Discussion

In their first assignment of error, Safeway and Mr. Sibley argue that the trial court erred in not granting them a credit for the remaining $18,172.50 of coverage under the Progressive policy, as that policy provided primary coverage for the accident. In their second assignment of error, they argue that the trial court erred in not making specific findings as to the amounts of general and special damages, resulting in the denial of a credit on the judgment rendered.

Safeway and Mr. Sibley contend that the trial court awarded Ms. Lynch Safeway's policy limits of $10,000.00 because it found that her damages exceeded only *those limits*, without specifying the amount of her total damages. Because Ms. Lynch could collect from Safeway only if her damages exceeded $18,172.50, Defendants argue that the trial court committed an error of law in not granting them a credit in *that amount*, which error requires a *de novo* determination of damages in this court. Ms. Lynch responds that the trial court did, in fact, give Defendants proper credit, as its reasons for judgment indicate that it intended to award Ms. Lynch an

3

amount *in excess of $28,172.50*, which amount she contends is supported by the record under a manifest error review.

We agree with Safeway and Mr. Sibley that they are entitled to a credit of $18,172.50, the amount of remaining coverage under the Progressive policy. At the time of the accident, Mr. Sibley was driving a non-owned vehicle, and his Safeway policy clearly provides that "the insurance with respect to . . . a non-owned vehicle *shall be excess over any and other valid and collectible insurance.*" *See also Slocum v. Am. Cas. Ins. Co.*, 189 So.2d 299 (La.App. 3 Cir. 1966). We also agree that the trial court erred in not making specific findings as to "[t]he *total amount of special damages* and *the total amount of general damages* sustained as a result of the injury, death or loss, *expressed in dollars . . .*" as required by La.Code Civ.P. art. 1812(C)(4) (emphasis added) and La.Code Civ.P. art. 1917.

However, we find that the trial court's reasons are unclear as to whether Defendants were awarded the proper credit of $18,172.50, and we are unwilling to assume that the trial court intended to award damages in excess of $28,172.50. The trial court found that Ms. Lynch sustained "excessive damages," but stopped short of identifying the figure they exceeded, stating, "Because this woman was damaged *beyond the amount of—that she should be able to recuperate for the damages*, inconvenience and losses that she has suffered." (Emphasis added.) Hence, it is unclear whether the trial court intended those damages to be in excess of $10,000.00 but under $18,172.50 (as Defendants argue) or in excess of $28,172.50 (as Ms. Lynch argues).

"In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." La.Civ.Code art. 2324.1.

Furthermore, when reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380 (La. 9/19/03), 853 So.2d 644 and 03-1385 (La. 9/19/03), 853 So2d 645. In the present case, due to the trial court's confusing and incomplete reasons, we are unable to determine whether the trial court awarded the Defendants a credit to which they were entitled. Whether or not this credit was awarded affects the standard of appellate review to be applied. Given the discretion that the trial court should be afforded in the assessment of damages, we find the most prudent course of conduct is to remand the case with instructions that the trial court comply with La.Code Civ.P. arts. 1917 and 1812(C)(4) by making specific findings as to Ms. Lynch's special and general damages, subject to the credit set forth in this opinion.

**Decree**

For the above reasons, the case is remanded with instructions that the trial court comply with La.Code Civ.P. arts. 1917 and 1812(C)(4) and for further proceedings consistent with this opinion. Costs of this appeal are assessed equally to Plaintiff and Defendants.

**REMANDED WITH INSTRUCTIONS.**

OLIVIA LYNCH

VERSUS

PROGRESSIVE INSURANCE COMPANY, ET AL.


SAUNDERS, J., concurs in the result.

Based upon the remarks made by the trial judge when ruling on this matter from the bench, I believe that an award in excess of $28,172.50 was intended. The judge proclaimed:

> I understand that. So when you take this to Lake Charles, understand the Court's reasoning. But this woman has suffered excessive damages. There are two separate legal entities here that were both liable under the circumstances. *I will not punish you by giving you the excess of your carriage*, but I will deny you credit. *Because this woman was damaged beyond the amount of – that she should be able to recuperate for the damages, inconvenience and losses that she has suffered.*
> So, this Court, at this time, will grant her the policy limits of Safeway, which is Ten Thousand Dollars. And *this Court will further add that even – even there, that is not adequate.* And that's why I wanted to be sure that when I put my pen to it, that I wouldn't just be whistling Dixie, and giving her something she cannot have. [emphasis added].

The above quoted language evidences the trial judge's belief that Plaintiff suffered damages in excess of $28,172.50. I believe that the trial judge effectively gave the credit of $18,172.50 and also awarded the $10,000.00 limit of the Safeway. I do not find this award to be manifestly erroneous. Because I believe the trial judge awarded the maximum amount of damages available under the relevant policies, I do not feel that a remand is necessary. I do, however, concur in the result in the interest of judicial economy and in full confidence that the parties' will not be prejudiced by a remand.